**M & W CORPORATION, William McKee, Jr., James Gorman and Delilah's Dolls of Delco, Inc., Appellants,**

v.

**UPPER CHICHESTER TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 3, 1994.

Decided Dec. 9, 1994.

James J. Byrne, Jr., for appellants.

James F. Proud, for appellee.

Before COLINS, President Judge, and PELLEGRINI and NEWMAN, JJ.

COLINS, President Judge.

M & W Corporation, William McKee, Jr., James Gorman, and Delilah's Dolls of Delco, Inc. (collectively, M & W) appeal from the March 24, 1994 order of the Court of Common Pleas of Delaware County (Common Pleas) which denied M & W's motion for peremptory judgment and granted judgment in favor of Upper Chichester Township (Township) relevant to M & W's request for mandamus. For the reasons set forth herein, we affirm.

The facts of this case are summarized as follows. Prior to February 17, 1994, M & W operated a bar and restaurant with ancillary entertainment, known as Boomerang's, at the subject property, 460 Conchester Highway, Aston, Delaware County, Pennsylvania, as evidenced by a business use registration form filled out by M & W and filed with the Township. The area was classified a C–2 Highway Commercial District under the Township Zoning Ordinance (Ordinance).[1] Charles F. Remaley, a Township housing and zoning officer, learned only through published newspaper reports that M & W was going to close Boomerang's and reopen as Delilah's Dolls, an entertainment facility featuring ecdysial entertainment. Remaley then notified M & W by letter dated February 16, 1994 that should Boomerang's open for business with a different purpose, M & W would be required to obtain additional permits because use of the subject premises would change to primarily indoor entertainment. Common Pleas found that this determination was not clearly improper.

On February 17, 1994, M & W opened Delilah's Dolls in place of the former Boomerang's without obtaining the additional permits as per the zoning officer's February 16, 1994 letter. On March 11, 1994, the Township filed a complaint in equity against M & W seeking to preliminarily enjoin operation of the establishment; a hearing was held on March 16, 1994. The preliminary injunction was granted by Common Pleas on March 18, 1994, and affirmed by this Court on appeal.[2]

M & W filed this action for mandamus on March 17, 1994 requesting that Common Pleas order the Township to allow continued operation of Delilah's Dolls as an indoor place of amusement and recreation. After a March 24, 1994 hearing, at which both sides were represented by counsel and evidence was presented, Common Pleas issued findings of fact and conclusions of law. The pertinent findings are that as of the time of Common Pleas' decision, the Township zoning officer had not informed M & W of the permits required for the use intended, and that the right to the use is not clear under the Ordinance. Common Pleas then issued an order in favor of the Township and against M & W, reasoning that M & W was not entitled to mandamus, because there was no clear legal right to the relief sought. This appeal followed.

■ On appeal, M & W questions whether Common Pleas erred in finding mandamus inappropriate to compel the zoning officer to grant approval of the zoning permit under circumstances where M & W has a clear right to the use.[3] M & W argues that use of the subject premises as an indoor entertainment facility is a use as of right, and thus, the Township zoning officer and zoning board has no discretion in deciding whether to issue the required permits. Therefore, M & W concludes, mandamus is proper.

In making this argument, M & W relies upon their interpretation of the Ordinance. M & W refers to Article 900.02, which deals with uses permitted as of right in a C–2 district and states that: "Land, buildings or premises shall be used by right for one or more of the following uses: 1. All uses permitted by right or by special exception in the C–1 Neighborhood Commercial District, except for intermediate, group and adult day care centers...." The Ordinance, in Article 800.03, allows for "indoor places of amusement or recreation, including theater...." by special exception in C–1 districts. M & W urges in its brief that if the "scrivener of the code intended a duplication of the C–1 special

---

1. Regarding C–2 Highway Commercial Districts, the Township Zoning Ordinance states:
    The purpose of this district is to provide for and regulate commercial facilities which are related to or require the use of an automobile. These uses ordinarily require location on major roadways and serve both local and transient customers. Provisions are included to allow both freestanding and attached commercial development.
    Upper Chichester Township Zoning Ordinances, § 900.01, p. 35.

2. *Upper Chichester Township v. M & W Corporation,* (No. 689 C.D.1994, filed June 22, 1994).

3. This Court's scope of review in mandamus actions "is limited to determining whether the court of common pleas abused its discretion or committed an error of law." *DiVito v. City of Philadelphia,* 144 Pa.Commonwealth Ct. 132, 136, 601 A.2d 397, 399 (1991), *petition for allowance of appeal denied,* 533 Pa. 613, 618 A.2d 403 (1992).

exceptions within C–2, the C–1 special exceptions would have been listed there." Accordingly, M & W concludes that since these C–1 special exceptions are not listed in C–2, the intention was that they would be allowed as of right in a C–2 district, and thus the zoning inspector and the zoning board have no discretion in allowing the use.

The Township counters this by arguing that the language in Article 900.02 simply means that a special exception in a C–1 district will be allowed in a C–2 district, but only by following the procedures for obtaining a special exception set out in the Ordinance. The procedures required for obtaining a special exception are contained in Articles 1800 and 2100 of the Ordinance. Special exception is defined under the Ordinance as "[p]ermission, approval or authorization granted by the Zoning Hearing Board, in accordance with Article 2100, only in situations where such use is specifically permitted by the Ordinance." Accordingly, the Township concludes that the Ordinance cannot be read as allowing those uses permitted only via special exception in a C–1 district as of right in a C–2 district, and thus mandamus is not appropriate.

 Mandamus will issue "where there is a clear and specific legal right in the plaintiff, a corresponding duty in the defendant and want of another adequate and appropriate remedy." *J.B. Stevens, Inc. v. Board of Commissioners*, 164 Pa.Commonwealth Ct. 315, ——, 643 A.2d 142, 145 (1994). In zoning cases, this relief is available "where entitlement to issuance of a land use approval is clear." *Id.*

In this case, Common Pleas found that the zoning officer, while informing M & W that permits would be required prior to using the subject premises as Delilah's Dolls, made no formal determination as to exactly what permits would be required. Accordingly, it is difficult to ascertain exactly what permits M & W is requesting that the Court order the Township to issue. Further, while the Ordinance can be read to support either party's argument, the better interpretation is that posed by the Township, because it keeps zoning cases before zoning boards as the tribunal of first impression, rather than cir-

cumventing the administrative process and going directly to the court of common pleas, as has occurred in the instant matter. M & W still has avenues of redress before the Township zoning board that it should have exhausted prior to commencing this action in the common pleas court.

Under these circumstances, and the Ordinance, whether M & W has a clear right to approval of the land use is unclear, and M & W has an adequate and appropriate remedy under the Ordinance. Accordingly, mandamus cannot issue, and the order of the Court of Common Pleas of Delaware County is affirmed.

### ORDER

AND NOW, this 9th day of December, 1994, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.