ORANGE STONES CO., Appellant

v.

CITY OF READING, ZONING HEAR-
ING BOARD and Jennifer Guc-
kin, Zoning Administrator.

Orange Stones Co.

v.

City of Reading, Zoning Hearing
Board and Jennifer Guckin,
Zoning Administrator

v.

College Heights Community
Council, Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2011.
Decided Oct. 28, 2011.
Reargument Denied Dec. 30, 2011.

Maria Casey, Williamsport, for appellant.

Osmer Sage Deming, Reading, for appellee City of Reading Zoning Hearing Board.

BEFORE: McGINLEY, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge McCULLOUGH.

Orange Stones Co. (Applicant) and College Heights Community Council (Community Council) appeal the November 8, 2010, order of the Court of Common Pleas of Berks County (trial court) granting in part and denying in part Applicant's complaint in mandamus and request for peremptory judgment. The trial court's order remanded the matter to the City of Reading's (City) Zoning Hearing Board (Board) to conduct a hearing within 90 days on Applicant's application for a zoning permit to continue a preexisting, nonconforming use. We now affirm.

Applicant is a nonprofit organization that owns property in the City's R–1 zoning district. Community Council is a community organization comprised of individuals who all own property and live near Applicant's property. On September 5, 2008, Applicant, through its attorney, filed an application with the City for a zoning permit to continue to use its property as a preexisting, nonconforming personal care home. The City's zoning administrator rejected the application because it purportedly did not meet the procedural requirements of the City's zoning ordinance.

On September 28, 2008, Applicant submitted a second application for a permit through its attorney which was also rejected as procedurally insufficient. On November 12, 2008, Applicant appealed the denial of the application to the Board. Community Council and the City filed petitions to intervene, which were granted. Following a hearing, on March 8, 2009, the Board denied both of Applicant's petitions for a zoning permit on procedural grounds. Applicant appealed the Board's decision to the trial court.

On July 28, 2010, the trial court issued an order sustaining Applicant's appeal, reversing the Board's decision, and remanding the case to the Board for consideration of the substantive issues of the application. The City and Community Council appealed

the trial court's order in this Court.[1] By memorandum opinion and order dated February 17, 2011, this Court affirmed the trial court's order, again remanding the matter to the Board to determine the substantive issues regarding Applicant's application for a zoning permit.

On September 13, 2010, while the foregoing appeal was pending in this Court, Applicant filed the instant complaint in mandamus and request for peremptory judgment in the trial court seeking to compel the Board to issue the zoning permit. On November 3, 2010, Community Council filed a petition for leave to intervene in the matter. On November 8, 2010, Community Council was granted intervenor status by the trial court, and the trial court issued the order appealed herein granting in part and denying in part Applicant's complaint in mandamus.[2] On November 30, 2010, Applicant appealed the trial court's order to this Court and, on December 6, 2010, Community Council filed its cross-appeal.[3]

In its appeal, Applicant asserts that the trial court erred in a number of respects in denying the requested mandamus relief to compel the Board to issue a zoning permit[4] and erred in granting intervenor status to Community Council. In response, Community Council contends that the trial court correctly denied the requested mandamus relief and properly granted intervenor status.

■■■■ We initially note that this Court's scope of review in a mandamus action is limited to determining whether the trial court abused its discretion or committed an error of law and whether sufficient evidence exists to support the trial court's

1. On August 25, 2010, the City and Community Council filed an application asking the trial court for a determination of the finality of its July 28, 2010 order. By order dated August 27, 2010, the trial court determined its order of July 28, 2010 to be a final order. The appeal of that order was docketed in this Court at No. 1777 C.D. 2010.

2. Applicant contends that a hearing was not conducted before the trial court on November 8, 2010. *See* Appellant Orange Stones Co.'s Brief at 10. However, Community Council asserts that the trial court held a hearing on November 8, 2010, and that argument was presented by both parties. *See* Brief of Appellee College Heights Community Council at 2. As noted by the trial court in the opinion filed in support of its order:

    [Applicant] filed its complaint and did not request a hearing. This court, *sua sponte*, scheduled a hearing because it did not want to grant a judgment *ex parte* as [Applicant] requested. This court heard arguments from all sides on the issues. This court did not take testimony because the appropriateness of granting the permit for this new use was an issue that had to be decided by the Board. Following argument, this court issued its order. For these reasons, this

court heard argument instead of conducting a hearing.
Trial Court Opinion at 6.

3. Applicant's appeal was docketed in this Court at No. 2561 C.D. 2010. Community Council's appeal was docketed in this Court at No. 2634 C.D. 2010. By order dated March 25, 2011, this Court consolidated the appeals and designated Applicant as the appellant and Community Council as the appellee. The Board and the City's zoning administrator joined in the appellate brief filed by Community Council in this Court.

4. More specifically, Applicant claims: (1) the trial court erred in remanding the matter to the Board because the Board refused to consider any substantive issues in a prior remand from the trial court pursuant to the trial court's July 28, 2010 order; (2) the trial court abused its discretion in remanding the matter to the Board because the parties stated in sworn pleadings that no substantive issues exist for the Board to review on remand; (3) the trial court erred in denying the requested mandamus relief requiring the Board to issue a zoning permit; and (4) the trial court disregarded and violated the terms of its prior July 28, 2010 order by issuing the November 8, 2010 order.

findings. *Bell Atlantic Mobile Systems, Inc. v. Borough of Clifton Heights,* 661 A.2d 909 (Pa.Cmwlth.1995), *appeal denied,* 544 Pa. 652, 676 A.2d 1194 (1996). Mandamus is an extraordinary remedy designed to compel the performance of a ministerial act or a mandatory duty. *Evans v. Pennsylvania Board of Probation and Parole,* 820 A.2d 904 (Pa.Cmwlth.2003), *appeal quashed,* 580 Pa. 550, 862 A.2d 583 (2004); *Bell Atlantic Mobile Systems, Inc.* Mandamus may only be granted where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a lack of any other appropriate and adequate remedy. *Bell Atlantic Mobile Systems, Inc.; M & W Corporation v. Upper Chichester Township,* 651 A.2d 630 (Pa. Cmwlth.1994). The purpose of mandamus is not to establish legal rights but only to enforce those legal rights that have already been established. *Evans.* In zoning cases, mandamus relief is available where the entitlement to a zoning permit approval is clear. *M & W Corporation.*

▬ As noted above, Applicant first claims that the trial court erred in failing to grant the requested mandamus relief in a number of respects. However, Applicant's arguments in this regard ignore this Court's disposition of the appeal of the trial court's July 28, 2010 order, docketed at No. 1777 C.D. 2010, which remanded this matter to the Board to determine the substantive issues of this case. Both the trial court's order remanding the matter to the Board and this Court's order on appeal affirming and remanding this matter to

the Board, preclude the grant of the further mandamus relief requested by Applicant. *See, e.g., M & W Corporation,* 651 A.2d at 632 ("[M] & W still has avenues of redress before the Township zoning board that it should have exhausted prior to commencing this action in the common pleas court. . . .").

Moreover, there has never been either a showing or a determination that Applicant is clearly entitled to a zoning permit in this case. This is particularly true where Applicant "[r]evealed in open court that it was going to convert the use of the property from a nursing home for the elderly to a rehabilitation facility for drug and alcohol abuse. This was the first time that this fact was disclosed. Clearly, this is not the same use as the prior nonconforming use as [Applicant] had stated in earlier pleadings." Trial Court Opinion at 4.

Thus, mandamus is not appropriate here because it is not clear that Applicant would be entitled to the grant of the zoning permit based upon this new nonconforming use. *See Bell Atlantic Mobile Systems, Inc.,* 661 A.2d at 911–912 (holding that the trial court did not err in denying mandamus relief to cellular telephone company seeking reinstatement of building permit for transmission tower because it was not clear that the carrier had complied with the zoning ordinance so as to have a clear right to legal right to relief, or that the borough had a clear legal duty to issue the permit).[5],[6] Because this adequate legal

---

5. *See also Copechal v. Township of Bristol,* 668 A.2d 1222, 1226 (Pa.Cmwlth.1995), *appeal denied,* 545 Pa. 655, 680 A.2d 1163 (1996) ("In making this observation, we recognize that Copechal might still have had a right to use her property in the manner requested despite the express terms of the Zoning Ordinance. For example, Copechal alleges that her property has been used for the storage and repair of trucks for over fifty

years. We may infer from this that she believes she has a vested right to continue this practice as a preexisting nonconforming use despite any contrary language in the Zoning Ordinance. Alternatively, Copechal might have been able to establish that the Township did not allow the storage and repair of trucks *anywhere* in the Township, in which case, Copechal would have been entitled to relief since the Zoning Ordinance would be exclu-

remedy is available, and because there is no clear right to relief, the trial court did not err in refusing to grant the requested mandamus relief in this case.

■ Finally, Applicant claims that the trial court erred in granting intervenor status to Community Council. However, as the trial court noted:

> [Applicant]'s ninth contention is that this court impermissibly granted intervenor status to [Community Council]. This is the first time that [Applicant] raises this issue. [Applicant] never objected to the intervention of [Community Council] in the case *sub judice*. Even now [Applicant] does not state why the intervenor status was impermissibly granted. Thus, [Applicant] has waived this issue.

Trial Court Opinion at 5–6.

■ It is well settled that issues not raised before the trial court cannot be raised for the first time on appeal or in a Rule 1925(b) Concise Statement of Claims Raised on Appeal. *Irwin Union National Bank and Trust Co. v. Famous*, 4 A.3d 1099 (Pa.Super.2010), *appeal denied*, —— Pa. ——, 20 A.3d 1212 (2011). As a result,

this claim has been waived for purposes of appeal. *Id.*

Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this 28th day of October, 2011, the November 8, 2010, order of the Court of Common Pleas of Berks County is affirmed.

---

sionary. However, regardless of the merits which these claims might actually have, an action in mandamus is simply not the proper forum to answer the question of whether the Township's Zoning Ordinance is exclusionary or whether Copechal's proposed use of her property is a preexisting nonconforming use. The answers to these questions are not clear and involve sensitive factual issues which are best answered by the Zoning Hearing Board, which has special expertise in this area. Moreover, the record that such a tribunal would create would form the proper basis for any subsequent court challenge to the zoning ordinance on exclusionary use grounds.") (footnotes omitted and emphasis in original).

6. Applicant relies, in part, upon a purported judicial admission made by Community Council and the City in a pleading filed in the prior

zoning proceeding that no substantive issues existed regarding Orange Stone's permit application. *See* RR at 15a. However, it is well settled that any such purported judicial admission was only conclusive in that prior proceeding and that neither Community Council nor the City were estopped from taking a contrary position in this separate action in mandamus. *Dale Manufacturing Co. v. Bressi*, 491 Pa. 493, 421 A.2d 653 (1980); *Lapayowker v. Lincoln College Preparatory School, Inc.*, 386 Pa. 167, 125 A.2d 451 (1956), *overruled on other grounds by Butler v. Butler*, 464 Pa. 522, 347 A.2d 477 (1975). Moreover, judicial estoppel does not apply in the instant matter as the contention was not successfully maintained by Community Council and the City in the prior zoning proceeding. *Vargo v. Schwartz*, 940 A.2d 459 (Pa.Super.2007).