# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Whitehead,                                          :
                  Appellant          :
                            :
             v.                             :   No. 739 C.D. 2015
                            :   Submitted: December 24, 2015
Allegheny County,                                        :
Pennsylvania District Attorney                           :
Stephen A. Zappala, Jr.                                   :


**BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]**
                 **HONORABLE P. KEVIN BROBSON, Judge**
                 **HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge**


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED: March 9, 2016**


Carl Whitehead (Whitehead) appeals from an order of the Court of Common Pleas for Allegheny County (trial court), dismissing his mandamus complaint and denying his *in forma pauperis* (IFP) petition as moot. For the reasons discussed below, we affirm.

On November 25, 2014, Whitehead mailed two private criminal complaints to Allegheny County District Attorney Stephen A. Zappala, Jr. (D.A.). The complaints alleged that Allegheny County Court of Common Pleas Judge Donna Jo McDaniel committed various crimes in connection with Whitehead's criminal trials and subsequent appeals. By way of letter dated

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

December 8, 2014, Deputy District Attorney David L. Spurgeon informed Whitehead that his private criminal complaints were not approved (disapproval letter). The disapproval letter provided, in pertinent part:

> This is to acknowledge receipt of your letter dated November 25, 2014. Please be advised that the absence of any investigation which would support your allegations precludes approval of the filing of a private criminal complaint in this matter. Further, your attached Private Criminal Complaint is incomplete as it lacks an executed Affidavit of Probable Cause.

(Certified Record (C.R.), Item No. 1, Ex. B.)

On February 3, 2015, Whitehead filed a complaint in mandamus in the trial court. The mandamus complaint alleged that the D.A. refused to perform a duty in violation of Pennsylvania Rule of Criminal Procedure 506(B)(2) (Rule 506(B)(2)), which provides: "If the attorney for the Commonwealth: . . . disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision." Whitehead alleged that the D.A. had violated Rule 506(B)(2) by issuing the disapproval letter because Rule 506(B)(2) required the D.A. to "state the reasons on the complaint form." Pa. R. Crim. P. 506(B)(2). Whitehead requested that the trial court direct the D.A. "to perform his required act and/or duty to either approve or disapprove [the] private criminal complaints filed by [Whitehead]," and award punitive damages as well as costs, fees, and any other appropriate remedy. (C.R., Item No. 1.) At the same time, Whitehead filed a petition to proceed IFP.

The trial court, acting *sua sponte*, dismissed Whitehead's complaint with prejudice and denied his IFP petition as moot. The trial court reasoned:

2

> [Whitehead] . . . brings a Complaint in Mandamus seeking to have [the D.A.] "perform his required act and/or duty to either approve or disapprove private criminal complaints filed by [Whitehead]." [Whitehead] includes "[E]xhibit B" in his complaint, which is a letter dated December 8, 2014 and signed by the Deputy District Attorney informing [Whitehead] that lack of support for [his] allegations in the private criminal complaint "precludes approval" of [his] private criminal complaint. Although, the letter did not use the exact phrase "disapprove," the letter is clearly informing [Whitehead] that his private criminal complaint is disapproved and thus, performing the ministerial duty that [Whitehead] attempts to compel in his mandamus complaint. . . . Thus, because [the D.A.] has already satisfied his ministerial duty by denying [Whitehead's] private criminal complaint in the December 8, 2014 letter, . . . I find [Whitehead's] Complaint in Mandamus to be frivolous.

(C.R., Item No. 4.)

On appeal to this Court, Whitehead makes four arguments: (1) the trial court erred as a matter of law and/or abused its discretion by dismissing the mandamus complaint; (2) the trial court erred as a matter of law and/or abused its discretion by denying his IFP petition as moot; (3) the D.A. abused his discretion by failing to prosecute the private criminal complaints; and (4) the D.A. failed to discharge his duty to the Commonwealth by failing to prosecute the two private criminal complaints. In response, the D.A. argues that the trial court did not err or abuse its discretion in dismissing the mandamus complaint because the disapproval letter substantially complied with Rule 506, and that the trial court correctly dismissed the IFP petition pursuant to Pennsylvania Rule of Civil Procedure No. 240(j)(1) (Rule 240(j)(1)).[2] The D.A. also argues that Whitehead has waived

---

[2] Pennsylvania Rule of Civil Procedure No. 240(j)(1) provides:

**(Footnote continued on next page…)**

3

his third and fourth issues because they were not raised in his mandamus complaint.

First, Whitehead argues that the trial court erred in dismissing his mandamus complaint[3] because the D.A. had a duty to use the correct form when either approving or disapproving a private criminal complaint. "[M]andamus is an extraordinary writ which will only lie to compel official performance of a ministerial act or a mandatory duty where there is a clear legal right in the petitioner, a corresponding duty in the defendant, and want of any other appropriate and adequate remedy." *Konya v. Dist. Attorney of Northampton Cnty.*, 669 A.2d 890, 892 (Pa. 1995) (alteration in original) (quoting *Pa. Dental Ass'n v. Cmwlth. Ins. Dep't*, 516 A.2d 647, 652 (Pa. 1986)). Accordingly, mandamus will not lie to compel the performance of discretionary acts or the exercise of discretion in a specific way. *Pa. Dental Ass'n*, 516 A.2d at 652. Mandamus may, however, be

> employed to compel the performance (when refused) of a ministerial duty, or to compel action (when refused) in matters involving judgment and discretion. . . . Mandamus is a device that is available in our system to

---

**(continued…)**

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

[3] This Court's scope of review in a mandamus action is limited to determining whether the trial court abused its discretion, committed an error of law, or whether sufficient evidence exists to support the findings. *Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 289 (Pa. Cmwlth. 2011).

4

> compel a tribunal or administrative agency to act when that tribunal or agency has been "sitting on its hands."

*Id.* Furthermore, "[m]andamus is so rare that even where the plaintiff seeks to compel a ministerial act and the act is mandatory, 'its issuance is not a matter of right but in certain circumstances is a matter for the sound discretion of the court.'" *Seeton v. Adams*, 50 A.3d 268, 275 n.8 (Pa. Cmwlth. 2012) (en banc) (quoting *Travis v. Teter*, 87 A.2d 177, 179 (Pa. 1952)), *appeal denied*, 76 A.3d 535 (Pa. 2013).

There can be no dispute that under Rule 506 the D.A. must exercise his discretion and either approve or disapprove a private criminal complaint. Had the D.A. sat on his hands and refused to act, Whitehead may well have been entitled to a writ of mandamus. Here, however, Whitehead does not allege that the D.A. failed to exercise his discretion, but rather that the D.A. did not use the proper form when exercising his discretion. Instead of checking either the "approved" or "disapproved" box on the criminal complaints as specified in Rule 506, the D.A. sent Whitehead a letter explaining that his criminal complaints could not be approved. Mandamus, however, is not an error-correcting writ, *Pa. Dental Ass'n*, 516 A.2d at 652, and we are unpersuaded by Whitehead's effort to elevate form over substance.[4]

---

[4] We note that the Superior Court has recently addressed a similar issue in an unreported opinion, *In re Private Criminal Complaint of Brown* (Pa. Super., No. 1997 MDA 2014, filed Aug. 21, 2015). In *Brown*, the district attorney did not disapprove Brown's private criminal complaint in accordance with Rule 506, but instead "provide[d] Brown with a typewritten version of the disapproval on a separate form." *Brown*, slip op. at 8. Brown argued that the district attorney's failure to use the correct form "constitute[d] an error and hinder[ed] [his] appeal." *Id.* at 2-3. The Superior Court disagreed, reasoning:

> Brown was provided with the same information that would have been provided to him had it come in the form proscribed by Rule 506(B)(2). While the

**(Footnote continued on next page…)**

5

Furthermore, a writ of mandamus "entails the application of equitable principles by the court asked to issue the writ." *Pa. Dental Ass'n*, 516 A.2d at 652. Substantial compliance is an equitable doctrine which allows a court to overlook defects in form or procedure that do not prejudice a party's rights. *Berg v. Nationwide Mut. Ins. Co., Inc.,* 6 A.3d 1002, 1008 (Pa. 2010); *see also* Pa. R. Crim. P. 109 (allowing court to disregard defects in form which do not prejudice rights of defendant); *see also* Pa. R.C.P. No. 126 ("The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."). Whitehead has suffered no prejudice because of the letter, as it provided him with exactly the same information he would have received had the D.A. used the proper form. Additionally, we note that the courts of this Commonwealth routinely accept and decide appeals of private criminal complaints disapproved via letter and, thus, the disapproval letter did not prevent Whitehead from appealing the decision. *See, e.g.*, *In re Private Criminal Complaints of Rafferty*, 969 A.2d 578 (Pa. Super. 2009).[5] Thus, even assuming that the D.A. had a ministerial duty to use the correct

**(continued…)**

> Commonwealth did not fully adhere to Rule 506(B)(2), Brown is unpersuasively elevating form over substance. Even if we were to rule in favor of Brown on these points, we would require the district attorney to fill out the bottom of Brown's twenty-nine page criminal complaint with the same information that has already been provided to Brown. In other words, any remedy would place Brown exactly where he is now. He has suffered no harm or prejudice. As such, he is not entitled to any form of relief.

*Id.* at 8. Although not binding on this Court, we find the Superior Court's reasoning persuasive.

[5] The Superior Court has jurisdiction over appeals from disapprovals of private criminal complaints. *Commonwealth v. Smith*, 4 A.3d 227, 229 n.2 (Pa. Cmwlth. 2010).

form, the trial court was well within its discretion not to issue the writ. *See Seeton*, 50 A.3d at 275 n.8.

Second, Whitehead argues that the trial court erred in dismissing his IFP petition.[6] Rule 240(j)(l) allows the court to dismiss an IFP petition if the court determines the accompanying complaint is frivolous. Pa. R.C.P. No. 240(j)(1). "A frivolous action is one that 'lacks an arguable basis either in law or in fact.'" *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015) (quoting Pa. R.C.P. No. 240(j)(1), Note). An action is frivolous under Rule 240 "if, on its face, it does not set forth a valid cause of action." *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997), *appeal denied*, 717 A.2d 1030 (Pa. 1998).

In this case, we agree with the trial court that Whitehead's complaint was frivolous under Rule 240. Whitehead's complaint had no basis in fact. It sought to compel the D.A. "to perform his required act and/or duty to either approve or disapprove [the] private criminal complaints filed by [Whitehead]." (C.R., Item No. 1.) As the trial court correctly concluded, however, the D.A. had already performed his required duty and disapproved Whitehead's private criminal complaints. Thus, there was no basis on which the trial court could grant the relief requested, rendering Whitehead's complaint frivolous. The trial court did not err, therefore, in dismissing Whitehead's IFP petition.

In his final two issues, Whitehead argues that the D.A. abused his discretion and failed to discharge a mandatory duty when he decided not to

---

[6] This Court's review of a decision dismissing an IFP petition pursuant to Rule 240 is limited to determining whether constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *McGriff v. Vidovich*, 699 A.2d 797, 798 n.2 (Pa. Cmwlth. 1997), *appeal denied*, 717 A.2d 1030 (Pa. 1998).

prosecute Whitehead's private criminal complaints. The D.A. argues that Whitehead has waived these issues because they were not raised in the trial court below. "It is well settled that issues not raised before the trial court cannot be raised for the first time on appeal or in a Rule 1925(b) Concise Statement of Claims Raised on Appeal." *Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 291 (Pa. Cmwlth. 2011); Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). A review of Whitehead's mandamus complaint reveals that the sole issue raised in the complaint was the form used by the D.A. to disapprove Whitehead's complaint. Thus, Whitehead has waived his remaining issues because they were raised for the first time on appeal.

For the reasons discussed above, the order of the trial court is affirmed.

_____
P. KEVIN BROBSON, Judge


Judge McCullough did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Whitehead,                                 :
                     Appellant              :
                               :
            v.                              :  No. 739 C.D. 2015
                               :
Allegheny County,                               :
Pennsylvania District Attorney                  :
Stephen A. Zappala, Jr.                          :

## **O R D E R**

AND NOW, this 9th day of March, 2016, the order of the Court of Common Pleas of Allegheny County is hereby AFFIRMED.

 

                                                        _____

                                              P. KEVIN BROBSON, Judge