COMMONWEALTH of Pennsylvania

v.

Taurance JOHNSON, Appellant.

Commonwealth Court of Pennsylvania.

Submitted June 1, 2007.

Decided Aug. 1, 2007.

Paul J. Petcavage, Williamsport, for appellant.

Henry W. Mitchell, Williamsport, for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Taurance Johnson (Johnson) appeals an order of the Lycoming County Common Pleas Court (trial court) denying his petition for return of $1,397.42 U.S. cash. Johnson argues the trial court erred in holding he failed to demonstrate lawful possession of the currency. We affirm.

In December 2005, South Williamsport Police and the United States Marshals' Service conducted a search of Johnson's hotel room. More specifically, the authorities obtained a master key from a hotel manager and entered the room without a search warrant. While searching Johnson's room, the authorities uncovered drugs. The authorities then left the room and sought a search warrant.

While awaiting approval on the warrant request, the authorities stopped Johnson's vehicle upon his return to the hotel. The authorities searched the vehicle and confiscated $1,397.42 from its glove compartment.

The Commonwealth subsequently charged Johnson with possession with intent to deliver and possession of drug paraphernalia. Johnson successfully sought to suppress all evidence connected with the

searches of the hotel room and vehicle, and, consequently, the Commonwealth *nolle prossed* the charges.

Johnson concurrently filed a motion for the return of the confiscated currency. A hearing ensued, where Johnson did not testify. The trial court subsequently denied the motion, explaining Johnson failed to properly assert legal possession. Johnson filed an amended motion for return of the currency, wherein he averred "[a]t the time of the illegal search ... [he] was in lawful possession of the [currency]." Original Record at 40. Notably, Johnson did not verify the facts set forth in this motion.

A second hearing ensued, where Johnson again did not testify in support of his position. Instead, he relied solely on the averment in his amended motion for return of property to show he maintained legal possession of the currency. Following the hearing, the trial court denied Johnson's request for the return of property. Johnson unsuccessfully sought reconsideration, and this appeal followed.[1]

The trial court issued an opinion pursuant to Pa. R.C.P.1925(a). The court held Johnson failed to meet his initial burden of establishing entitlement to the currency because he presented no proof to support his request. As a result, the Commonwealth had no burden to prove the currency is derivative contraband.

On appeal to this Court,[2] Johnson maintains he sufficiently demonstrated legal possession of the currency. Relying on *Commonwealth v. Fontanez*, 559 Pa. 92, 739 A.2d 152 (1999), Johnson argues where the confiscated property is cash, it is not incumbent upon a petitioner to introduce actual testimony to show lawful possession. To the contrary, when currency is at issue, one need only allege lawful possession.

▮ Proceedings for return of property are distinct from a forfeiture proceeding. *Petition of Koenig*, 444 Pa.Super. 163, 663 A.2d 725 (1995). It is well settled that a proceeding seeking the return of property is quasi-criminal in character, but it is civil in form. *Commonwealth v. Reynolds*, 876 A.2d 1088 (Pa.Cmwlth.2005). Unlike forfeiture actions, proceedings for the return of property arise under our Rules of Criminal Procedure. *Grossman v. Comm'r of Police*, 318 Pa.Super. 584, 465 A.2d 1007 (1983). More specifically, motions to secure the return of property seized by police are initiated pursuant to Pa. R.Crim. P. 588.[3] Under this rule, on any motion for return of property, the moving party must establish by a preponderance of the evidence entitlement to lawful possession. Once the moving party provides sufficient proof, the burden shifts to the Commonwealth to resist the return of property by proving the property is

1. Johnson appealed to the Superior Court, but the court transferred the matter to this Court.

2. Our review of a trial court's decision on a petition for return of property is limited to examining whether the findings of fact were supported by competent evidence and whether the trial court abused its discretion or committed legal error. *Commonwealth v. Wintel, Inc.*, 829 A.2d 753 (Pa.Cmwlth.2003).

3. Pa. R.Crim. P. 588 provides, in pertinent part:
   (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
   (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property forfeited.

contraband. *Commonwealth v. Crespo,* 884 A.2d 960 (Pa.Cmwlth.2005).

There is a dearth of case law addressing the question of whether a petitioner has met his initial burden of proving that he is the lawful owner of the items seized. *Commonwealth v. Younge,* 446 Pa.Super. 541, 667 A.2d 739 (1995). This is because the only burden of persuasion placed on a petitioner under Rule 588(a) is entitlement to lawful possession or ownership of the subject property. *Commonwealth v. Stipetich,* 424 Pa.Super. 539, 623 A.2d 360 (1993). In fact, a mere allegation of entitlement meets this burden. *Younge,* 667 A.2d at 741–42. However, a failure to meet even this minimal burden is fatal to a petition for return of property under Rule 588. *Id.; see Commonwealth v. Pomerantz,* 393 Pa.Super. 186, 573 A.2d 1149 (1989) (averment in motion for return of property insufficient to sustain burden of proof where motion not offered into evidence); *Commonwealth v. Doranzo,* 365 Pa.Super. 129, 529 A.2d 6 (1987) (return of seized property improper where petitioner offered no testimony to establish lawful possession).

Here, Johnson repeatedly declined to testify in support of his position. Reproduced Record at (R.R.) 1a–32a. Admittedly, our Supreme Court in *Fontanez* noted where the property at issue is currency, "the petitioner need only allege that the money belongs to him." *Fontanez,* 559 Pa. at 95, 739 A.2d at 154. However, *Fontanez* did not intend to completely eliminate a petitioner's initial burden of establishing a right to lawful possession. Rather, our Supreme Court merely intended to clarify that in cases where a petitioner is requesting the return of cash, the initial burden is easier to meet. *Id.; see Younge; Pomerantz.*

Johnson relies on the factual averments in his motion for return of property to meet his initial burden. However, Johnson failed to introduce this motion into evidence before the trial court. R.R. at 12a–21a; *Pomerantz.* In addition, Johnson's motion for return of property is not verified as required by Pa. R.Crim. P. 575(A)(2)(g), which provides (with emphasis added): "If [a] motion sets forth facts that do not already appear of record in the case, the motion shall be verified by [a] sworn affidavit of some person having knowledge of the facts or by the unsworn written statement of such a person that the facts are *verified subject to the penalties for unsworn falsification* to authorities under the Crimes Code § 4904, 18 Pa.C.S. § 4904."

Simply stated, Johnson presented absolutely *no* reliable evidence to support his request here. At a minimum, our rules and case law mandate Johnson properly allege, *under oath,* lawful possession of the currency. Pa. R.Crim. P. 575(A)(2)(g); *see Fontanez; Younge; Pomerantz.* In light of Johnson's failure to meet this seemingly undemanding requirement, we affirm.

### ORDER

AND NOW, this 1st day of August, 2007, the order of the Lycoming County Common Pleas Court is **AFFIRMED.**