COMMONWEALTH of Pennsylvania

v.

John MORELLI, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 20, 2012.
Decided Sept. 7, 2012.

Frank J. Santomauro, Scranton, for appellant.

Andrew J. Jarbola, District Attorney, Lisa A. Swift, Assistant District Attorney and Laura Magnotta, Certified Legal Intern, Scranton, for appellee.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

This matter is an appeal from an order of the Court of Common Pleas of Lackawanna County (the trial court) denying a motion for return of property. John Morelli (Morelli) pleaded guilty in 2006 to Manufacture, Delivery or Possession of a Controlled Substance with Intent to Manufacture or Deliver in violation of Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act (the Controlled Substance Act).[1] Morelli now appeals from the trial court's denial of his motion for return of guns seized by the police at the time of his arrest. For the reasons set forth below, we affirm.

On May 20, 2006, officers of the Dickson City Police Department responded to a call of gunfire at Morelli's residence and searched his residence pursuant to an authorized search warrant. (Appellant's Br. at 9; Memorandum of Law in Support of Defendant's Motion for Return of Seized Property at 1.) In this search, the police seized from Morelli's residence marijuana plants, bags of marijuana, drug paraphernalia, 13 guns, boxes of ammunition and ammunition magazines, and other items, including a law enforcement badge and a ballistics vest. (Inventory of May 20, 2006 Search, Exhibit A to Memorandum of Law in Support of Defendant's Motion for Return of Seized Property.)

Morelli was arrested and charged with Manufacture, Delivery or Possession of a Controlled Substance with Intent to Manufacture or Deliver, four other violations of the Controlled Substance Act, and Reckless Endangerment. (Trial Court Criminal Docket at 2.) Morelli pleaded guilty to Manufacture, Delivery or Possession of a Controlled Substance with Intent to Manufacture or Deliver on September 7, 2006, and was sentenced to 24 months of probation on January 23, 2007. (Trial Court Criminal Docket at 3, 7.) During his probation, Morelli was ordered imprisoned over ten times for violation of the conditions of his probation. (Trial Court Criminal Docket at 8–9.)

In July 2011, over four years after his guilty plea and sentencing, Morelli filed a

---

1. Act of April 14, 1972, P.L. 233, § 13(a)(30), *as amended,* 35 P.S. § 780–113(a)(30).

motion for return of property pursuant to Rule of Criminal Procedure 588, seeking return and transfer to his father of six of the guns seized by the police from his residence in the May 20, 2006 search: a .223 AR–15 Bushmaster rifle, a P94 Ruger semi-automatic pistol, a 12–gauge shotgun, a .380 Kalteck [sic], a GAMO PT–80 semi-automatic air pistol, and a .45 Springfield Armory handgun. (Appellant's Br at 9–10; Trial Court Opinion at 2.)[2] On August 30, 2011, the Commonwealth filed an answer opposing return and transfer and moving for forfeiture of these weapons under the act commonly known as the Controlled Substances Forfeiture Act (the Forfeiture Act).[3] (Commonwealth Answer to Motion for Return of Property; Trial Court Opinion at 2.) The trial court held a hearing on the motions for return of property and for forfeiture at which counsel argued their motions, but no sworn testimony was presented. (Transcript of September 2, 2011 Hearing (H.T.)) Following that hearing, on September 6, 2011, Morelli filed a memorandum of law in support of his motion for return of property, submitting the police inventory of the May 20, 2006 search as an accurate record of the seizure and items seized. (Memorandum of Law in Support of Defendant's Motion for Return of Seized Property at 1 & Exhibit A thereto.)

The trial court, in separate orders on November 2, 2011, denied both Morelli's motion for return of property and the Commonwealth's motion for forfeiture. (Trial Court Criminal Docket at 10; Trial Court Orders of November 2, 2011.) The trial court held that the Commonwealth had met its burden for forfeiture by show-ing that the guns were found in close proximity to the marijuana that was seized and, therefore, could be presumed to have facilitated a violation of the Controlled Substance Act under Section 6801(a)(7) of the Forfeiture Act, 42 Pa.C.S. § 6801(a)(7). (Trial Court Opinion at 2–4.) The trial court concluded, however, that the Commonwealth's motion for forfeiture was time-barred because it was not filed until 2011, five years after the 2006 seizure. (Trial Court Opinion at 4.) The trial court denied Morelli's motion for return of property on the grounds that he was not entitled to lawful possession of the guns because his conviction for Manufacture, Delivery or Possession of a Controlled Substance with Intent to Manufacture or Deliver barred him from possessing firearms. (Trial Court Opinion at 6–7.) On November 21, 2011, Morelli appealed the trial court's order denying his motion for return of property. (Trial Court Criminal Docket at 10; Notice of Appeal.)[4] The Commonwealth did not appeal the denial of its motion for forfeiture.

Our review on this appeal is limited to examining whether the trial court's factual determinations were supported by competent evidence and whether the trial court abused its discretion or committed an error of law. *Boniella v. Commonwealth*, 958 A.2d 1069, 1072 n. 6 (Pa. Cmwlth.2008); *Commonwealth v. Johnson*, 931 A.2d 781, 783 n. 2 (Pa.Cmwlth.2007). Morelli argues that the trial court erred in denying his motion for return of property because he allegedly established that he was the owner of the six guns at issue and the Commonwealth allegedly did not show

---

**2.** This motion does not appear on the docket or in the trial court record, although it was received, considered and ruled on by the trial court and was answered by the Commonwealth. The Commonwealth does not dispute Morelli's assertions as to when the motion was filed or the relief the motion sought.

**3.** 42 Pa.C.S. §§ 6801–6802.

**4.** Morelli appealed the trial court's order to the Superior Court, which transferred the appeal to this Court pursuant to Pa. R.A.P. 751.

that the guns were contraband. He further contends that his conviction does not constitute grounds for denial of his motion because the guns were seized prior to that conviction and because he sought transfer of the guns to his father, rather than return of them to his possession. We conclude that these arguments are not valid.

On a motion for return of property, it is the movant's burden to establish by a preponderance of the evidence that he is entitled to lawful possession of the property at issue. *Johnson*, 931 A.2d at 783; *Commonwealth v. Howard*, 931 A.2d 129, 131–32 (Pa.Cmwlth.2007). To satisfy this burden, Morelli was required to introduce evidence showing that he was the owner of guns or had a right to possession of the guns. *Johnson*, 931 A.2d at 784; *Commonwealth v. Pomerantz*, 393 Pa.Super. 186, 573 A.2d 1149, 1152 (1989). No such evidence was introduced.

No document or evidence of any kind was introduced or submitted to the trial court showing that the guns that were seized belonged to Morelli or how they came to be at his residence at the time of the search. Morelli gave no testimony at the hearing under oath and provided no affidavit or verification in support of his motion for return of property. The only assertions in the trial court record that the guns were his are his attorney's statements at the hearing. (H.T. at 3.) Such unsworn allegations are insufficient to permit a court to order the return of seized property. *Johnson*, 931 A.2d at 784; *Howard*, 931 A.2d at 131–32. "At a minimum, our rules and case law mandate [movant] properly allege, *under oath*, lawful possession." *Johnson*, 931 A.2d at 784 (emphasis in original). Because Morelli failed to satisfy his minimal burden of showing some right to the property that he sought to have returned, the trial court's denial of his motion for return of property

was correct and must be affirmed. *Johnson*, 931 A.2d at 784; *Pomerantz*, 573 A.2d at 1152.

Moreover, even if he had satisfied his threshold burden of showing his ownership or possession at the time of the seizure, the motion was properly denied because Morelli was not entitled to lawful possession of these guns. Where the person seeking return of property is barred by law from possessing that property because of a criminal conviction, he cannot show entitlement to lawful possession. *Boniella*, 958 A.2d at 1075. The Pennsylvania Uniform Firearms Act of 1995 (the Uniform Firearms Act) provides that any "person who has been convicted of an offense under [the Controlled Substance Act] . . . punishable by a term of imprisonment exceeding two years" is prohibited from possession, control or transfer of firearms. 18 Pa.C.S. §§ 6105(a)(1), (c)(2). Morelli's conviction for Manufacture, Delivery or Possession of a Controlled Substance with Intent to Manufacture or Deliver is a conviction of an offense under the Controlled Substance Act punishable by up to five years' imprisonment. Sections 13(a)(30), (f)(2) of the Controlled Substance Act, 35 P.S. §§ 780–113(a)(30), (f)(2). Morelli is therefore prohibited by law from possessing the guns which are the subject of his motion for return of property. 18 Pa.C.S. §§ 6105(a)(1), (c)(2).

The fact that Morelli's conviction was subsequent to the seizure of the guns does not change this. In *Boniella*, as here, the conviction which precluded the return of the movant's gun occurred after the seizure of the gun and the gun was seized at the time of his arrest that led to the conviction. 958 A.2d at 1071. *Commonwealth v. Younge*, 446 Pa.Super. 541, 667 A.2d 739 (1995), relied on by Morelli, is not to the contrary. In *Younge*, the court

held that it was "improper to rely upon the criminal infractions which gave rise to the seizure, *if not relevant to the issue of the right to lawful possession.*" 667 A.2d at 745 (emphasis added). A subsequent conviction that bars the movant from possessing a gun is relevant to whether he has a right to lawful possession of a gun and is therefore a proper ground for denying return of such property to him. *Boniella,* 958 A.2d at 1075.

■ Morelli is also not entitled to transfer of the guns to his father. Because he failed to show ownership or any other legal rights to the guns, Morelli has no right to these guns that he could transfer to any other person. Moreover, even if his conviction were the sole basis for denying return of the guns, he would be legally barred from transferring them. The Uniform Firearms Act provides that persons convicted of the offenses that bar them from gun ownership "shall not possess, use, control, sell, *transfer* or manufacture . . . a firearm in this Commonwealth." 18 Pa.C.S. § 6105(a)(1) (emphasis added).

■ Because Morelli was not prohibited from owning guns prior to his conviction for Manufacture, Delivery or Possession of a Controlled Substance with Intent to Manufacture or Deliver, under 18 Pa.C.S. § 6105(a)(2)(i), he did have the right and opportunity, following his conviction, to transfer guns that he owned, but that right to transfer expired sixty days after his conviction. The Uniform Firearms Act provides:

> (2)(i) A person who is prohibited from possessing, using, controlling, selling, transferring or manufacturing a firearm . . . shall have *a reasonable period of time, not to exceed 60 days from the date of the imposition of the disability* under this subsection, in which to sell or transfer that person's firearms to anoth-

er eligible person who is not a member of the prohibited person's household.

18 Pa.C.S. § 6105(a)(2)(i) (emphasis added). Morelli's disability from possession and transfer of firearms was imposed by his guilty plea on September 7, 2006. Morelli's right to transfer any guns that belonged to him before his conviction therefore expired in November 2006, years before he moved for return and transfer of these guns. Because Morelli's right to transfer firearms was time-barred long before he filed his motion for return and transfer of the guns to his father in July 2011, the trial court was correct in holding that his conviction alone was a valid ground for denying the motion for return of property.

For all of the foregoing reasons, we affirm the trial court's order of November 2, 2011 denying Morelli's motion for return of property.

### ORDER

AND NOW, this 7th day of September, 2012, the order of November 2, 2011 of the Court of Common Pleas of Lackawanna County denying appellant John Morelli's motion for return of property in the above captioned matter is AFFIRMED.