Commonwealth of Pennsylvania          :
                                       :
     v.                                :   No. 270 C.D. 2019
                                       :   SUBMITTED:  October 25, 2019
Steven A. Voneida                      :
                                       :
Appeal of: Kenneth Voneida            :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  January 9, 2020

Kenneth Voneida (Appellant) appeals from the February 4, 2019 Order of the Dauphin County Court of Common Pleas (Trial Court) granting Appellant's Petition for Return of Property (Petition).[1]  Because we conclude that Appellant has presented no reviewable issues on appeal, we affirm the Trial Court's Order.

## **Background**

In a prior appeal in this matter, the Pennsylvania Superior Court summarized the relevant factual history as follows:

> On April 27, 2007, Chief Kevin Stoehr of the Pennsylvania State University Police – Harrisburg Campus – contacted Steven Andrew Voneida ("Defendant"), who is Appellant's son . . . , regarding threatening statements Defendant had posted on the internet.  The postings concerned the then[-]recent shooting spree undertaken by a student at Virginia Tech University, which Defendant suggested he

---

[1] Appellant's *pro se* Petition was actually titled "Petition For My Article I § 1, Article I § 9, 14th Amendment Right of Challenging Subject Matter Used For Obtaining Court Jurisdiction Over My Property," which the Trial Court treated as a Petition for Return of Property under Pa. R. Crim. P. 588.

would replicate on a much larger scale. When Chief Stoehr explained that people who viewed the postings had alerted the authorities, Defendant informed Chief Stoehr that he would restrict access to his web site [sic].

On May 1, 2007, Defendant met with Chief Stoehr and Dr. Donald Holtzman, Senior Director of Student Life and Enrollment Services, to discuss the impact of his postings on [Defendant's] academic standing. During this meeting, Chief Stoehr asked Defendant if he possessed any weapons. Defendant stated that he had two hunting rifles at his home, located at 6111 Blue Stone Avenue, Harrisburg, Pennsylvania.

Subsequent to [t]his meeting, Special Agent Christopher Nawrocki of the Federal Bureau of Investigation obtained an arrest warrant for Defendant alleging a violation of 18 U.S.C. § 875, threatening communications by wire. On July 2, 2007, Lower Paxton Township Police obtained a search warrant for Defendant's residence after Senior Deputy District Attorney Michael Consiglio verified that Defendant had been adjudicated delinquent of aggravated assault in 1997 and was therefore prohibited from possessing firearms pursuant to Section 6105[(a)] of the Crimes Code, 18 Pa.C.S.[] § 6105(a). That same day, federal agents arrested Defendant and Lower Paxton Police executed [a] search warrant at Defendant's residence. A semi-automatic rifle was found in Defendant's bedroom, while another rifle was discovered in a common area of the home.

Defendant eventually was charged with, *inter alia*, persons not to own or possess firearms. Following a bench trial, the [T]rial [C]ourt found Defendant guilty of persons not to possess [firearms]. On March 18, 2008, the [T]rial [C]ourt sentenced Defendant to three to ten years' incarceration.

Original Record Item No. 11, at 1-3. Subsequently, Defendant filed a direct appeal from his judgment of sentence, as well as a series of Post Conviction Relief Act (PCRA)[2] petitions, all of which were denied. *Id.* at 3.

---

[2] 42 Pa. C.S. §§ 9541-46.

On March 29, 2017, Appellant, Defendant's father, filed the instant *pro se* Petition, claiming that he is the lawful owner of the seized hunting rifles and seeking their return. On September 8, 2017, the Trial Court denied Appellant's Petition without a hearing. Appellant timely appealed to the Superior Court, which vacated the Trial Court's Order and remanded the matter to the Trial Court for an evidentiary hearing on the Petition, and specifically for factual findings on "the issue of ownership of the [seized] rifles." *Id.* at 6.[3]

The Trial Court held a hearing on January 30, 2019, at which Appellant appeared *pro se* and testified on his own behalf. At the outset of the hearing, the Deputy District Attorney informed the Trial Court that the Commonwealth of Pennsylvania (Commonwealth) was not contesting Appellant's ownership of the seized rifles. Notes of Testimony (N.T.), 1/30/19, at 4-5. Rather, the Commonwealth was contesting the timeliness of Appellant's Petition because Appellant filed it two years after the applicable statute of limitations expired. *Id.* at 5.[4]

Appellant testified that Defendant, who resides in Appellant's home, is prohibited from possessing a firearm due to his conviction in the underlying criminal case. *Id.* at 10. Appellant informed the Trial Court that one of the seized rifles had already been returned to him, so the only rifle at issue was the Ruger "mini 14" .223-

---

[3] "Both [the Superior Court] and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed [under Pa. R. Crim. P.] 588." *Commonwealth v. Durham*, 9 A.3d 641, 642 n.1 (Pa. Super. 2010); *see In re One 1988 Toyota Corolla*, 675 A.2d 1290, 1296 (Pa. Cmwlth. 1996).

[4] Generally, a criminal defendant must file a petition for return of property while the trial court retains jurisdiction, which is not more than 30 days after disposition. *Commonwealth v. Allen*, 107 A.3d 709, 718 (Pa. 2014). However, a six-year statute of limitations applies when the petition for return of property is filed by a third party who is not a defendant in the underlying criminal case. *In re Return of Personal Prop.*, 180 A.3d 1288, 1293-94 (Pa. Cmwlth. 2018).

caliber rifle ("mini 14 rifle"). *Id.* at 12-13, 19. Appellant testified that he lawfully purchased the mini 14 rifle in May 2007. *Id.* at 10-11. Appellant further testified that the mini 14 rifle was "transferred to federal custody" on July 24, 2017, but he did not know if the rifle was still in federal custody. *Id.* at 15, 19. Appellant testified that if the mini 14 rifle were returned to him, he would give it to his other son, Adam Voneida, a Dauphin County probation officer, who does not reside with Appellant and Defendant. *Id.* at 19, 21.

The Deputy District Attorney stated that he contacted Chuck Acre, who is responsible for safeguarding seized property in Dauphin County, and Mr. Acre "does not know the whereabouts of [Appellant's] rifle[]." *Id.* at 5. He also stated that even if the Trial Court was to grant Appellant's Petition, "I'm not sure [Mr. Acre's office] can track [the rifle] down" due to the amount of time that has passed since its confiscation. *Id.* In response to Appellant's testimony that the mini 14 rifle was in federal custody, the Deputy District Attorney stated, "That's probably why we don't have [the rifle]." *Id.* at 15.

Appellant then attempted to argue various violations of his constitutional rights stemming from the Commonwealth's seizure of the rifles, stating, "I shouldn't be here because the mini 14 [rifle] shouldn't have been taken." *Id.* at 32; *see id.* at 6 (Appellant stated that he was "before th[e] Court actually as a victim of fraud"). The Trial Court replied, "We're going back to the underlying [criminal] case that's already been adjudicated and appealed. I'm not here to address that. . . . I'm here to see if you're entitled to [get] the mini 14 [rifle] back." *Id.* When Appellant continued to contest the rifle's confiscation, the Trial Court clarified, "I'm only here on the [Petition for Return of Property]. If you want to file a [42 U.S.C. §] 1983 [c]ivil [r]ights [a]ction [in] state or federal court[,] that is certainly your right to do

4

so." *Id.* at 36. Appellant indicated that he would file a Section 1983 action to "have these statutes declared unconstitutional." *Id.* at 33.

Following the hearing, on February 4, 2019, the Trial Court granted Appellant's Petition. The Trial Court found that even though Appellant filed his Petition more than six years after Defendant's conviction, the Petition was not time-barred because the record showed that Appellant filed a timely Petition for Return of Property in 2010 that, for unknown reasons, was never decided. Trial Ct. Order, 2/4/19, at 1-2 & n.1.[5]

Turning to the merits of the Petition, the Trial Court concluded that Appellant "sufficiently proved that he is the lawful owner of the [mini 14 rifle]." *Id.* at 1. Therefore, the Trial Court ordered that "[t]he Dauphin County District Attorney shall make a thorough search of its inventory for the [mini 14] rifle and shall return the rifle to [Appellant] if it can be found." *Id.* at 2. The Trial Court noted, however, that "[i]t is unclear, based on the testimony at the [h]earing, . . . whether or not the [mini 14] rifle is currently in the possession of Dauphin County or is in federal custody." *Id.* at 2 n.2.

Appellant timely appealed to this Court. In its Pa. R.A.P. 1925(a) Opinion, the Trial Court stated:

> [Appellant] has appealed this Court's February 4, 2019 Order, wherein we granted his Petition for Return of Property. *This was the only request for relief that was pending before this Court at the time of the entry of the Order.* In his [Pa. R.A.P. 1925(b)] Concise Statement of Errors [Complained of on Appeal], [Appellant] appears to argue that this Court should have addressed other matters that had not been raised in his Petition for Return of Property. *We stated numerous times on the record that the only matter that was pending before this Court was [Appellant's] request for the return of his "[m]ini 14" rifle, which we*

---

[5] The Commonwealth does not challenge this ruling on appeal.

*granted.* As such, [Appellant] is appealing matters that were not properly before this Court, and we respectfully request that this appeal be quashed.

Trial Ct. Op., 3/26/19, at 1 (emphasis added).[6]

## Analysis

Appellant's right to seek the return of his seized property is governed by Pennsylvania Rule of Criminal Procedure 588(A), which provides:

> *A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.* Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

Pa. R. Crim. P. 588(A) (emphasis added). A person seeking the return of seized property must prove, by a preponderance of the evidence, his entitlement to lawful possession of the property. *Commonwealth v. Johnson*, 931 A.2d 781, 783 (Pa. Cmwlth. 2007). "[A] mere allegation of entitlement meets this burden." *Id.* at 784. Once the moving party satisfies his burden, the burden shifts to the Commonwealth to prove that the property is contraband or derivative contraband. *Id.* at 783-84.

On appeal, Appellant argues that the Commonwealth violated his due process and equal protection rights in seizing the rifles from his home and that "the State" and "the [c]ourts" have perpetrated "fraud" against him through the enforcement and administration of Pennsylvania's firearms laws. Appellant's Br. at 21. In essence, Appellant claims that he "retained firearms within the [s]anctuary of [his] home by trusting the integrity of [Defendant's] [p]assage of multiple [o]fficial [Pennsylvania]

---

[6] Our review of the Trial Court's decision on a petition for return of property is limited to determining whether the Trial Court's factual findings are supported by competent evidence and whether the Trial Court abused its discretion or committed an error of law. *Singleton v. Johnson*, 929 A.2d 1224, 1227 n.5 (Pa. Cmwlth. 2007).

State Police [b]ackground [c]hecks conducted for members of the [g]eneral [p]ublic." *Id.* at 27. He claims that the judicial system "criminalized" his act of possessing a firearm in his home by seizing it without due process. *Id.* at 26-27.[7] Appellant seeks the following relief on appeal:

> (1) [t]hat this Court provide[] a [j]udicial resolution to the [f]raud by the State that either corrupted my 14th Amendment protected decision[-]making process for determining the legality of retaining firearms within the [s]anctuary of my home, [o]r [c]orrupted the decision[-]making process of the [c]ourts for inserting subject matter jurisdiction over my firearms that I retained within the [s]anctuary of my home.
>
> (2) [t]hat this Court rule[] on the legality of the State utilizing administrative [s]tatutes . . . for criminalizing my conduct of providing firearms to an individual who passed Pennsylvania State Police [b]ackground [c]hecks conducted for a member of the [p]ublic.
>
> (3) [t]hat this Court provide[] me with a judicial remedy of the restoration of my 14th Amendment [d]ue [p]rocess of [l]aw, [e]qual [p]rotection of [l]aw, [c]onstitutional [r]ights and [p]rotections that was revoked by the administration of justice in the Pennsylvania [j]udicial [s]ystem[; and]
>
> (4) . . . that this [C]ourt slap[] the hands of those in power who abused their power over me, by utilizing fraudulent [and] uncorrected misrepresentation[s] or omission[s] of important facts about the [l]aw[] [t]o corrupt either the [d]ecision[-]making process of the [c]ourts, [o]r to corrupt my 14th Amendment protected decision[-]making process . . . .

*Id.* at 49.

As Appellant himself acknowledged at the remand hearing, however, the only issues before the Trial Court were whether Appellant's Petition was timely filed and

---

[7] There is no indication in the record that Appellant has been charged with any crime in connection with his possession or ownership of the seized rifles.

whether he was entitled to return of the mini 14 rifle as its lawful owner. N.T., 1/30/19, at 32.[8] The Trial Court properly rejected Appellant's efforts to challenge the legality of the Commonwealth's seizure of the rifle and the Trial Court's rulings in the underlying criminal case as beyond the scope of the return-of-property proceeding. *See id.* at 31-32; *see also One 1988 Toyota Corolla*, 675 A.2d at 1296 n.12 (noting that proceedings on petitions for return of property "are almost completely independent of the underlying criminal proceedings"); Pa. R. Crim. P. 588 cmt. ("A motion for the return of property should not be confused with a motion for the suppression of evidence, governed by [Pa. R. Crim. P.] 581."). Therefore, because Appellant is attempting to appeal matters that were not properly before the Trial Court on remand, we may not consider them. *See Stine v. Dep't of Transp.*, 364 A.2d 745, 746 (Pa. Cmwlth. 1976) (stating that this Court will not consider questions on appeal that were not properly raised in the Trial Court); Pa. R.A.P. 302(a).[9]

Furthermore, the Trial Court ruled in Appellant's favor on the Petition, concluding that: the Petition was not time-barred; Appellant was the lawful owner

---

[8] During the hearing, the Trial Court informed Appellant:

> [L]et me give you just my view on how the court operates. We are presented with an issue and we decide only that issue that's presented to us. *And the only issue here is whether you're entitled to the return of the mini 14 [rifle]. . . .* I'm not dealing with equal protection. I'm not dealing with background checks.

N.T., 1/30/19, at 30-31 (emphasis added). Appellant responded, "Okay." *Id.* at 31; *see id.* at 18, 21.

[9] The record shows that several of Appellant's arguments in this appeal were raised in the direct appeal and PCRA proceedings in Defendant's criminal case.

8

of the mini 14 rifle; and Appellant was entitled to its return.  Trial Ct. Order, 2/4/19, at 1-2.  Appellant does not contest any of these rulings.[10]

## Conclusion

Accordingly, because there are no issues for appellate review, we affirm the Trial Court's Order.  *See In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (stating that when an appellant fails to preserve any issues for appeal, the appellate court should affirm rather than quash the appeal).[11]

_____

ELLEN CEISLER, Judge

---

[10] We note that, in light of Appellant's testimony – with which the Commonwealth acquiesced – that the mini 14 rifle was likely in federal custody at the time of the remand hearing, the Trial Court could have dismissed Appellant's Petition as moot.  *See Commonwealth v. Matsinger*, 68 A.3d 390, 396 (Pa. Cmwlth. 2013) (holding that where the Commonwealth no longer possesses the seized property, a petition for return of that property is moot).  This does not alter our disposition, however, because Appellant does not challenge the Trial Court's decision on appeal.

[11] Defendant has also filed a brief as a "deemed" appellee in this matter.  *See* Pa. R.A.P. 908 ("All parties in the appellate court other than the appellant shall be appellees, but appellees who support the position of the appellant shall meet the time schedule for filing papers which is provided in these rules for the appellant.").  In his brief, Defendant asks this Court to remand the matter to the Trial Court for a factual determination as to whether the Commonwealth possesses his father's mini 14 rifle.  Def.'s Br. at 2-3.  However, a deemed appellee may not expand the scope of the issues raised by the appellant.  *See Twp. of Concord v. Concord Ranch, Inc.*, 664 A.2d 640, 650 (Pa. Cmwlth. 1995) (holding that a landowner's sole shareholder was a "deemed" appellee on appeal under Pa. R.A.P. 908 and, as such, was limited to the issues raised by the landowner on appeal).  Significantly, in his reply to Defendant's brief, Appellant does not request a remand or further factual findings with regard to the rifle's location; he merely reiterates the same constitutional and fraud claims and seeks the same relief as asserted in his principal brief. *See* Appellant's Reply to Def.'s Br. at 11-12; Appellant's Br. at 49.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 270 C.D. 2019 |
| | : | |
| Steven A. Voneida | : | |
| | : | |
| Appeal of: Kenneth Voneida | : | |

# **O R D E R**

AND NOW, this 9th day of January, 2020, the Order of the Dauphin County Court of Common Pleas, entered on February 4, 2019, is hereby AFFIRMED.


_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania        :
                                    :    No. 270 C.D. 2019
                v.                  :
                                    :    Submitted:  October 25, 2019
Steven A. Voneida                   :
                                    :
Appeal of:  Kenneth Voneida         :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


***OPINION NOT REPORTED***

CONCURRING OPINION
BY JUDGE McCULLOUGH                          FILED:  January 9, 2020


        In this case, the Dauphin County Court of Common Pleas (trial court) granted Kenneth Voneida's (Voneida) petition for return of property, *see* Pa.R. Crim.P. 588, concluded that Voneida is lawfully entitled to return of a firearm[1] and, with the whereabouts of it being unknown, directed the District Attorney of Dauphin County (District Attorney) to make a thorough search of its inventory for it and return same to Voneida if it can be found.  (Order, 2/04/19, at 2.)

        While I agree with the Majority that Voneida has failed to present any cognizable issues for appellate review, I write separately because I am troubled by

_____

        [1] The firearm was described at the hearing as being a Ruger "mini 14" .223-caliber rifle.

the lack of clarity in the record in this matter. At the hearing before the trial court, the District Attorney represented:

> [District Attorney]: . . . [I]n the interest of being an officer of the court and acting in full candor with Your Honor, I did reach out to Chuck Acre of [the] CID [Criminal Investigation Department] who at least, since I've been with the county, is in charge of safeguarding all the property that's seized. He does not know the whereabouts of these rifles.

(Notes of Testimony (N.T.) at 5.)

In pertinent part, the following exchange between Voneida, the trial court, and the District Attorney then occurred:

> [Voneida]: They [*i.e.*, the guns] were transferred. [The local police department] told me—and let me get to the exact quote here. On July 24th of 2017, they were transferred to federal custody.
>
> [Trial court]: Including the mini?
>
> [Voneida]: Mini 14.
>
> [District Attorney]: Well, that's probably why we don't have them, Judge.

(N.T. at 15.)

> [Trial court]: The mini 14. And what you're telling me is [that] it's in federal custody.
>
> [Voneida]: I don't know, okay. I was told it was in federal custody. I was told it went from federal custody back to state custody. Where it's at, who knows.
>
> [Trial court]: Okay.
>
> [Voneida]: I mean, I just don't know.

\* \* \*

> [District Attorney]: . . . And again, I was not able to track
> it down.

(N.T. at 19-20.)

Given this record, Voneida clearly does not know where the firearm is because the authorities have provided him with conflicting information. Nonetheless, based upon the directive in the trial court's order, it is incumbent upon the District Attorney to ascertain the location of the "mini 14" and return it to Voneida "if it can be found." (Order, 2/04/19, at 2.) In the event the District Attorney is unable to discover the location of the firearm, I believe this case is not rendered moot, *see United States v. Chambers*, 192 F.3d 374, 376-77 (3d Cir. 1999) (collecting cases), because the trial court is still capable of providing meaningful relief, *see Faden v. Philadelphia Housing Authority*, 227 A.2d 619, 621 (Pa. 1967) (concluding that a case was not moot where relief was still available to the complainant). Specifically, under section 5806(b)(3) of what is commonly referred to as the Forfeiture Act,[2] which was enacted and became effective in 2017, the trial court can order monetary "[r]eimbursement for the petitioner's legal interest in the property" or any other relief that the trial court "deems appropriate and just." 42 Pa.C.S. §5806(b)(3); *see also Chambers*, 192 F.3d at 376-78.

---

[2] The Forfeiture Act, previously referred to as the Controlled Substances Forfeiture Act, *formerly* 42 Pa.C.S. §§6801-6802, was repealed by the Act of June 29, 2017, P.L. 247, approved June 29, 2017, and effective as of July 1, 2017. The current version of the Forfeiture Act can be considered as instituting reform of the civil asset forfeiture procedures in the Commonwealth and is presently located at sections 5801 through 5808 of the Judicial Code, 42 Pa.C.S. §§5801-5808.

Having stated these observations, I concur in the Majority's opinion.


_____
PATRICIA A. McCULLOUGH, Judge