J-S26014-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY CRAIG RICHARDSON, JR. | : | |
| | : | |
| Appellant | : | No. 1166 WDA 2019 |

Appeal from the Order Dated July 23, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008374-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                        FILED JULY 08, 2020

Larry Craig Richardson, Jr. (Appellant) appeals from the order denying his motion for return of property.  We affirm.

In 2015, the Pennsylvania Attorney General's Office and the Ross Township Police Department investigated Appellant for suspicion of drug dealing.  Through the course of the investigation, Officer Jason Moss learned that the Pennsylvania Department of Transportation had suspended Appellant's license.  On April 3, 2015, officers conducted surveillance of Appellant at his apartment.  Officer Balazs Devenyl sat in the back of an unmarked SUV in the apartment parking lot.  Officer Moss waited nearby at the exit of the apartment complex, also in an unmarked car.  Finally, Patrol

_____

* Retired Senior Judge assigned to the Superior Court.

Officer Mark Sullivan positioned himself in a marked vehicle in the general area to provide additional assistance.

Appellant exited his apartment carrying a black bag. Police saw Appellant enter his Range Rover SUV and begin driving away. After Appellant drove approximately half a mile, he approached the entrance ramp to the interstate. Officer Moss directed Officer Sullivan to pull Appellant over for driving with a suspended license. Officer Sullivan positioned himself directly behind Appellant, and initiated a traffic stop by activating his lights. Upon seeing the police officer's lights, Appellant drove onto the berm of the entrance ramp and stopped; however, a portion of his SUV remained in the lane of traffic. Officer Sullivan pulled his patrol car behind Appellant's SUV; Officer Moss arrived soon after.

> Officer Moss asked [Appellant] to exit the SUV and gave him a traffic ticket for driving with a suspended license (a summary offense). Next, the officer decided that the vehicle's location required that it be removed from the lane of traffic. Per department policy, [Appellant] had a 20-minute window to move the vehicle. The police did not advise [Appellant] of this policy. Instead, [Appellant] asked if his girlfriend could move his SUV. Officer Moss asked if she was at the apartment complex [Appellant] had just left. [Appellant] said no. So Officer Moss determined that no one was close enough to move the vehicle and ordered a tow.
>
> Officer Moss then conducted what he considered to be an inventory search of the vehicle. When Officer Moss began his search, he did not have the department's standard inventory form with him. Upon entering [Appellant's] vehicle, the first thing that Officer Moss inventoried was [a] small black bag. [The small black bag contained] 25 bricks of heroin and approximately 9 grams of cocaine.

[Officer Moss] immediately terminated the inventory search and had the vehicle towed to the police station. Based on the drugs found in [Appellant's] SUV, the police then obtained warrants to search his apartment and to search the vehicle more extensively. The police seized additional evidence.[1]

Commonwealth v. Richardson, 1291 WDA 2016, at *3-4 (Pa. Super. March 29, 2019) (unpublished memorandum) (citation omitted).

On September 23, 2015, Appellant filed a motion to suppress all physical evidence obtained from the vehicle search, which the trial court denied on March 31, 2016. Following a bench trial, Appellant was convicted of two counts each of possession with intent to deliver a controlled substance and possession of a controlled substance, and one count of driving with a suspended license.[2] The trial court sentenced Appellant to an aggregate 5 to 10 years of incarceration, followed by five years of probation. Appellant appealed.

Appellant's convictions led to a forfeiture proceeding pursuant to the Controlled Substances Forfeiture Act (the Forfeiture Act), 42 Pa.C.S.A. §§ 6801-6802,[3] involving $19,504.00 and the Range Rover SUV. On November 1, 2016, Appellant entered into a consent agreement with the Commonwealth, forfeiting $13,004.00 and the SUV; the Commonwealth agreed to return the

_____

[1] Police also seized $19,504.00 in cash.

[2] 35 P.S. § 780-113(a)(30), (16) and 75 Pa.C.S.A. § 1543(b)(1).

[3] Effective July 1, 2017, the Forfeiture Act was recodified at 42 Pa.C.S.A. §§ 5801-5808.

remaining $6,500.00 to Appellant. Appellant did not appeal the forfeiture order.

In the appeal of his judgment of sentence, this Court, on March 29, 2019, determined that the trial court erred by failing to suppress the evidence seized from Appellant's SUV. Accordingly, we reversed the denial of suppression, vacated the judgment of sentence, suppressed the evidence, and remanded the case to the trial court. The trial court docket indicates that on May 2, 2019, the Commonwealth filed a petition to nolle pros all charges, which the trial court granted.

On June 7, 2019, Appellant filed a petition for return of property, seeking the return of $13,004 and the fair market value of the Range Rover.[4] On June 25, 2019, the Commonwealth filed an answer. The trial court held a hearing on July 23, 2019, after which it denied Appellant's motion. Appellant filed the underlying appeal. Both Appellant and the trial court have complied with Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review:

1. DID THE TRIAL COURT ERR IN DENYING [APPELLANT'S] MOTION FOR RETURN OF PROPERTY BECAUSE THE PROPERTY WAS NOT PROPERLY SUBJECT TO FORFEITURE?

---

[4] By the time Appellant filed this petition, the Commonwealth had sold the Range Rover.

Appellant's Brief at 4.[5]

Our scope of review in an appeal from a forfeiture proceeding is limited to examining whether findings of fact made by the trial court are supported by substantial evidence, and whether the trial court abused its discretion or committed an error of law. Commonwealth v. Real Property and Improvements Known as 5444 Spruce St., 832 A.2d 396, 398 (Pa. 2003). Because this appeal also involves a question of law, the standard of review is de novo and the scope of review is plenary. Id.; see also Commonwealth v. Allen, 107 A.3d 709, 714 (Pa. 2014) (applying a de novo standard of review when considering the timeliness of a motion for return of property).

"The goal of the Forfeiture Act is to eliminate economic incentives of drug-related activity and thereby deter such activity." Commonwealth v. Heater, 899 A.2d 1126, 1132 (Pa. Super. 2006). The plain language of the Forfeiture Act designates forfeiture proceedings as "in rem, in which the Commonwealth shall be the plaintiff and the property the defendant." 42 Pa.C.S.A. § 5805(a). In rem actions generally are instituted to determine the status of property, and the rights of individuals with respect thereto; an in rem forfeiture proceeding in particular determines the status of property and the respective rights of the Commonwealth and the property owner resulting from the property owner's criminal conduct. See Commonwealth v.

_____

[5] "Both [the Superior Court] and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed [under Pa.R.Crim.P.] 588." Commonwealth v. Durham, 9 A.3d 641, 642 n.1 (Pa. Super. 2010).

$9,847.00 U.S. Currency, 704 A.2d 612, 615–16 (Pa. 1997) (explaining that forfeiture proceedings involve the owner's property rights, the Commonwealth's financial interest, and the government's interest in deterring illegal drug transactions).

This Court has deemed in rem forfeiture proceedings brought pursuant to the Forfeiture Act to be civil in nature. Commonwealth v. Wingait Farms, 690 A.2d 222, 226 (Pa. 1997) (holding that "the General Assembly intended forfeitures brought pursuant to [the Forfeiture Act] to be civil in nature"). Property is forfeited not as a result of the criminal conviction, but through a separate proceeding, civil in form but quasi-criminal in nature, in which the agency seeking the property must show, by a preponderance of the evidence, a nexus between the property sought and the possessor's illegal activity. Commonwealth v. All That Certain Lot or Parcel of Land Located at 605 University Drive, 104 A.3d 411, 420-21 (Pa. 2014). The Act provides that multiple items are subject to forfeiture, including controlled substances, vehicles used to transport controlled substances, and "money . . . furnished or intended to be furnished by any person in exchange for a controlled substance in violation of The Controlled Substance, Drug, Device and Cosmetic Act, and all proceeds traceable to such an exchange." 42 Pa.C.S.A. § 5802(a)(4), (a)(6)(i)(A).

> Notably, while forfeiture proceedings are separate from criminal proceedings, the course of criminal proceedings may have significant impact on forfeiture proceedings. For example, the Commonwealth cannot use evidence in forfeiture proceedings that has been suppressed in criminal proceedings. Commonwealth

v. Jackson, 53 A.3d 952, 958 (Pa. Cmwlth. 2012) ("only where the government has independent, unsuppressed evidence that the res is contraband is it entitled to proceed to the merits in a forfeiture case"). In addition, . . . the absence of a final order in the defendant's criminal case might preclude him from taking an immediate appeal from a forfeiture order.

Commonwealth v. Bowers, 185 A.3d 358, 362 (Pa. Super. 2018).

Here, Appellant's right to seek the return of his seized property is governed by Pennsylvania Rule of Criminal Procedure 588, which provides:

> A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

Pa.R.Crim.P. 588(A). A person seeking the return of seized property must prove, by a preponderance of the evidence, his entitlement to lawful possession of the property. Commonwealth v. Johnson, 931 A.2d 781, 783 (Pa. Cmwlth. 2007).[6] "[A] mere allegation of entitlement meets this burden." Id. at 784. Once the moving party satisfies this burden, the burden shifts to the Commonwealth to prove that the property is contraband or derivative contraband. Id. at 783-84.

Appellant argues that his property was not subject to forfeiture under the Forfeiture Act because "[a]ny evidence that the Commonwealth could have

_____

[6] While decisions of the Commonwealth Court are not binding on this Court, we may elect to follow its decisions if we find the rationale persuasive. Commonwealth v. Thomas, 814 A.2d 754, 758 n.2 (Pa. Super. 2002).

used to establish a nexus between the seized items and criminal activity was subject to the exclusionary rule after [the Superior Court] . . . reverse[d] the [t]rial [c]ourt's suppression ruling." Appellant's Brief at 11; see also Jackson, 53 A.3d at 958. Appellant contends that this Court's reversal of the trial court's suppression ruling was a "substantial change in circumstances from 2016." Id. at 14. Appellant submits that he relied on the trial court's finding that the evidence was admissible when he entered into the 2016 consent agreement, and that the Commonwealth should not be able to benefit from evidence that was unlawfully obtained. Id. at 14-15.

The Commonwealth argues that Appellant is not entitled to relief for two reasons. First, it emphasizes that Appellant "elected" to enter into the 2016 forfeiture agreement "keenly aware that his suppression claim was the subject of ongoing litigation," and his 2019 claim for the return of property was untimely. Commonwealth Brief at 7. The Commonwealth also posits that forfeiture agreements do not need to be supported by a criminal conviction, and that Appellant "relieved the Commonwealth of the burden of establishing this nexus by entering into a stipulation of forfeitability." Id. at 9.

Second, the Commonwealth argues that Appellant's claim is barred by the doctrine of res judicata. Id. at 8. The Commonwealth cites Commonwealth v. Perez, 941 A.2d 778 (Pa. Cmwlth. 2008), which held that the doctrine of res judicata barred Perez's motion for return of property because Perez failed to appeal the issue during the initial forfeiture

proceeding. In Perez, a drug conviction was reversed on appeal and nolle prossed on remand. Despite the lack of an underlying conviction, the trial court declined to return forfeited property to Perez, and the Commonwealth Court affirmed. Here, the Commonwealth explains that "the civil forfeiture proceeding, though implicating issues and facts involved in the subsequently dismissed criminal prosecution, became final when the petition for forfeiture was granted and no appeal was taken within the allotted time." Id. Because Appellant failed to appeal the forfeiture judgment within the applicable appeal period, he cannot attempt to reopen the judgment nearly three years later. See id.

We first address res judicata, which bars a subsequent suit on the same claim after the relevant appeal period has expired. First Union Mortgage Corp. v. Frempong, 744 A.2d 327 (Pa. Super. 1999). For res judicata to apply, there must be a concurrence of four conditions: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or the capacity of parties suing or sued. Reber v. Tschudy, 824 A.2d 378, 382 n.6 (Pa. Cmwlth.2003). The doctrine provides finality to the proceedings. Clark v. Troutman, 502 A.2d 137 (Pa. 1985).

We reject the Commonwealth's argument that Appellant's return of property claim is barred by res judicata and find that Perez is distinguishable from the instant matter. Importantly, the Commonwealth in Perez filed a

petition for forfeiture pursuant to the Forfeiture Act, involving $2,176 and a 1990 Eagle Premier sedan owned by Perez. Following a hearing, the trial court granted the forfeiture petition. Perez did not appeal that decision. On appeal of his criminal convictions, this Court held that Perez's trial counsel in the criminal prosecution was ineffective for failing to challenge the trial court's lack of subject matter jurisdiction. Following remand, the trial court granted the Commonwealth's motion for the entry of a nolle prosequi. Perez then petitioned the trial court for the return of the $2,176 and the 1990 Eagle Premier sedan, arguing that the court lacked jurisdiction to grant the forfeiture petition. The trial court denied Perez's petition and the Commonwealth Court affirmed, holding:

> Perez is attempting to re-litigate the civil forfeiture proceeding by calling into question the basis for the Commonwealth's exercise of jurisdiction over the property forfeited. Perez does so long after the relevant appeal period for the forfeiture has run.
>
> The civil forfeiture proceeding, though implicating issues and facts involved in the dismissed criminal prosecution, became final when the petition for forfeiture was granted and no appeal was taken within the statutorily allotted time.
>
> At no point during the intervening years did Perez attempt to attack the forfeiture judgment, even though timely appeal of the May 25, 2001, order granting the forfeiture would have allowed Perez to argue the jurisdictional issue. He declined to do so, despite raising a related argument in his criminal case appeal to the Superior Court. Finding that he could do so now would re-open the door and renew civil litigation six years after judgment was entered, and absent any appeal.

Perez, 941 A.2d at 781 (footnote omitted). In Perez, the Commonwealth's petition for forfeiture and Perez's motion for return of property involved the

same substantive issue, i.e., who was entitled to possession of the property seized by law enforcement. Thus, the Commonwealth's petition for forfeiture represented Perez's first opportunity to litigate the issue. Following a hearing, the petition was denied and Perez did not appeal. Although Perez's conviction was ultimately overturned, the doctrine of res judicata barred Perez from attempting to relitigate the same matter a second time.

Here, Appellant and the Commonwealth agree that the Commonwealth did not file a forfeiture petition, and Appellant consented to the forfeiture. See Appellant's Brief at 6 ("[Appellant] . . . entered into an agreement with the Pennsylvania Attorney General's Office whereby some property was forfeited to the Commonwealth pursuant to the [Forfeiture Act]."); Commonwealth Brief at 3, 8 ("[Appellant] entered into a consent order with the Commonwealth under which he agreed to forfeit [his property] to the Commonwealth. . . ."). Thus, Appellant's claim that the Commonwealth failed to prove, by a preponderance of the evidence, a nexus between the property seized and illegal activity, has not been litigated, such that we cannot discern the "concurrence of conditions" necessary for a finding of res judicata.

Likewise, we reject the Commonwealth's argument that Appellant was required to raise his claim within 30 days of the entry of the consent order. See Commonwealth Brief at 9. We have explained:

> "[A] return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." Commonwealth v. Allen, 107 A.3d 709, 717 (Pa. 2014) (citing 42 Pa.C.S.A. § 5505 (providing that a trial

court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal is taken)). Thus, in *Allen*, our Supreme Court held that a defendant may move for the return of property during the pendency of the criminal proceedings, or while the trial court retains jurisdiction for thirty days following its disposition of the criminal case. See *id*.

Commonwealth v. Rodriguez, 172 A.3d 1162, 1164 n.10 (Pa. Super. 2017). To reiterate, our Supreme Court in *Allen* explained that a motion for return of property is timely if it is filed during the pendency of the criminal proceedings, or while the trial court retains jurisdiction for 30 days following its disposition of the criminal case. *Allen*, 107 A.3d at 717 (emphasis added).

Here, the trial court docket entries show that following remand from this Court, the Commonwealth on May 2, 2019, filed a motion to nolle prosse Appellant's charges, which the trial court granted that same day. Appellant filed his petition for return of property on June 7, 2019 – 34 days after the disposition.[7] However, both the motion for and order granting nolle prose are absent from the record, and the docket does not indicate whether or when Appellant was provided with notice of disposition by nolle prosse. See Pa.R.A.P. 108(a)(1), (d) (the 30-day time period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the

_____

[7] Appellant had until Monday, June 3, 2019 to file his motion for return of property. See 1 Pa.C.S.A. § 1908 (when the last day of the 30-day appeal period falls on a weekend . . . such day shall be omitted from the computation of time).

- 12 -

order is served on the parties by the clerk of courts). Accordingly, because the record does not contain the Commonwealth's motion, the trial court's order, or notice by the clerk of courts that the order was served on the parties, we construe Appellant's petition as timely.

Finally, we conclude that although Appellant's challenge to the forfeiture was timely, he is not entitled to relief. For property to be seized and forfeited, neither a criminal prosecution nor a conviction is required. Commonwealth v. $11,600.00 cash, 858 A.2d 160, 167 (Pa. Cmwlth. 2004); see also Commonwealth v. 502-504 Gordon St., 607 A.2d 839 (Pa. Cmwlth. 1992), affirmed, 636 A.2d 626 (Pa. 1994). The property is forfeited not as a result of the criminal conviction of the person or persons from whom the property was seized, but through a separate civil proceeding in which the law enforcement agency seeking the property must show, by a preponderance of the evidence, only a nexus between the property sought to be forfeited and the possessor's unlawful activity. Id.; see also Commonwealth v. $1920 U.S. Currency, 612 A.2d 614 (Pa. Cmwlth. 1992).

The Commonwealth is correct that Appellant, by entering into the 2016 forfeiture agreement, relieved the Commonwealth of establishing a nexus between the property seized and illegal activity; in fact, by signing the consent agreement, Appellant agreed that the property was derivative contraband and "subject to forfeiture pursuant to the Controlled Substances Forfeiture Act." Motion for Return of Property, 6/7/19, Ex. A at 1; see also Appellant's Brief

at 11.  Further, in signing the forfeiture agreement, Appellant informed the court that he did not contest the forfeiture and chose not to exercise his right to contest the proceeding.  Id. ("[Appellant] agrees and states that [he] is waiving [his] rights to a forfeiture hearing/trial with full knowledge of the consequences of [his] action and without any duress or coercion placed upon [him].").  The fact that the Commonwealth subsequently withdrew Appellant's charges and did not obtain a criminal conviction is of no consequence.  To hold otherwise would be contrary to the principles of the Forfeiture Act, i.e., that neither a criminal prosecution nor a conviction is required for property to be seized and forfeited.[8]  $11,600.00 cash, 858 A.2d at 167.

Based on the foregoing, we affirm the trial court's denial of Appellant's motion for return of property.

_____

[8] As Appellant recognizes in his brief, the suppression motion and forfeiture consent agreement in this case are intertwined.  Appellant moved to suppress the drugs and money recovered from his vehicle during the traffic stop.  Had the trial court suppressed this evidence, the Commonwealth would not have been able to use them as evidence in a forfeiture proceeding.  See Jackson, 53 A.3d at 958.  The trial court, however, declined to suppress this evidence, and Appellant then consented to forfeiture.  In Commonwealth v. Bowers, 185 A.3d 358 (Pa. Super. 2018), this Court recognized the risk of seeking forfeiture before a judgment of sentence becomes final "for if [the a]ppellant challenges both the order denying suppression and the forfeiture order in an appeal from a final order, the appellate court's disposition of the suppression issue will likely affect what evidence the appellate court may consider in connection with the forfeiture issue."  Id. at 363.  This case illustrates the affect alluded to in Bowers.  However, as discussed supra, Appellant consented to the forfeiture of his property – relieving the Commonwealth of its burden to prove a nexus – knowing he intended to appeal the denial of his suppression motion.  Appellant is now bound by the stipulations in the consent agreement.

Order affirmed.

Judge McLaughlin joins the memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2020