IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Commonwealth of Pennsylvania | : |
| | : No. 287 C.D. 2015 |
| v. | : Submitted: October 6, 2015 |
| | : |
| Ruger Revolver 38 Cal, Smith and | : |
| 22 Cal Revolver, Model DM22 Cal, | : |
| S&W 45 Colt, et al. | : |
| | : |
| In Re: Basil Skinner as Power of | : |
| Attorney for Brian Skinner | : |
| | : |
| Appeal of: Basil Skinner | : |


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  October 28, 2015


Basil Skinner appeals from the February 2, 2015, order of the Court of Common Pleas of Delaware County (trial court), denying his petition for return of property (Petition) seized by the Commonwealth of Pennsylvania (Commonwealth) pursuant to a search warrant executed on March 2, 2010.  We affirm.


Skinner owns property at 361 Ivy Mills Road in Glen Mills, Pennsylvania (Property), which is comprised of two structures.  In 2010, Skinner, his brother, Brian, and his sister-in-law, Valerie, lived at the Property, each in a separate residence.

On March 2, 2010, police executed a search warrant at the Property and seized controlled substances, cash, and a large number of firearms. In 2010, Skinner filed a petition for return of property, including firearms and cash, which the trial court granted in 2012.

In November 2014, Skinner, acting as Brian's agent, filed the instant Petition seeking the return of 56 firearms allegedly belonging to Brian.[1] Brian is a fugitive facing federal charges relating to cocaine distribution.

The trial court held a hearing on the Petition on February 2, 2015. Skinner testified that he does not know Brian's whereabouts and has not seen him in four years. (N.T., 2/2/15, at 9.) Skinner also testified that in August 2013, while he was winterizing the Property, he found a notarized, durable power of attorney, dated November 3, 2011, naming Skinner as Brian's agent. (*Id.* at 10.)[2] Skinner signed the acknowledgement of agency on August 13, 2013. (*Id.*) Skinner further testified that Brian previously owned a gun shop, that he and Brian are hunters, and that he knows that the firearms in question belong to Brian. (*Id.* at 11-12.)

Skinner also presented the testimony of Thomas Milowicki. Milowicki testified that he owns a local gun shop and that he is licensed to sell guns. (*Id.* at 21-

---

[1] The police also seized $33,000 in cash during the March 2, 2010, search, which was previously returned to Brian.

[2] The power of attorney was admitted into evidence without objection. (N.T., 2/2/15, at 24.)

22.)[3]  Milowicki further testified that Skinner told him that he intends to sell his brother's guns and use the proceeds to pay taxes on the Property.  (*Id.* at 23.)

Following the hearing, the trial court denied the Petition.  The trial court discredited Skinner's testimony and concluded that Skinner failed to meet his burden of proving that Brian lawfully possessed the firearms at issue.  Skinner now appeals from that decision.[4]

Skinner argues that the trial court erred in concluding that he failed to satisfy his burden of proof.  A proceeding seeking the return of seized property is quasi-criminal in character but civil in form.  *Commonwealth v. Reynolds*, 876 A.2d 1088, 1093 (Pa. Cmwlth. 2005).  Pa. R. Crim. P. 588(A) provides that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof."  To prevail on a motion under Pa. R. Crim. P. 588, the moving party must prove by a preponderance of the evidence that he or she entitled to lawful possession of the seized property.  *Commonwealth v. Morelli*, 55 A.3d 177, 180 (Pa. Cmwlth. 2012).  Once the moving party satisfies his or her burden, then the burden shifts to the Commonwealth to prove that the property is contraband or derivative contraband.  *Reynolds*, 876 A.2d at 1092 n.16.

---

[3] The Commonwealth stipulated on the record that Milowicki is legally authorized to buy and sell weapons.  (N.T., 2/2/15, at 22.)

[4] Our scope of review of an order denying a motion for the return of property is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court abused its discretion or committed an error of law.  *Commonwealth v. Reynolds*, 876 A.2d 1088, 1092 n.16 (Pa. Cmwlth. 2005).

Skinner asserts that he established lawful possession of the firearms at issue because he has a valid power of attorney naming him as Brian's agent. Thus, Skinner claims that his testimony that the guns belong to Brian was sufficient to satisfy his burden of proof. We cannot agree.

"'[L]awful possession' within the meaning of [Pa. R. Crim. P.] 588 means some possessory interest recognized by law, not mere physical possession in the absence of personal wrongdoing." *Commonwealth v. Personal Property of Abendroth*, 929 A.2d 690, 694 (Pa. Cmwlth. 2007). The fact that Skinner was named as Brian's agent does not establish Skinner's lawful possession of the firearms. The power of attorney does not transfer ownership of Brian's property to Skinner. Rather, it authorizes Skinner to "handle," "sell," or "otherwise dispose of" Brian's property and to "recover" any "goods, merchandise, chattels, effects and things . . . *belonging to [Brian]*." (N.T., 2/2/15, Ex. A, at 1, 3 (emphasis added).) Thus, even as Brian's agent, Skinner had to establish that *Brian* lawfully possessed the firearms. *See Abendroth*, 929 A.2d at 694 (holding that the appellants, who sought the return of property left in their care by their deceased brother, had to prove the decedent's lawful possession because, as bailees, they could acquire no interest in the property greater than the decedent's interest).

Here, Skinner produced no evidence to show that Brian lawfully obtained or possessed the firearms in question, other than Skinner's own testimony, which the trial court specifically discredited. (Trial Ct. Op. at 4.) Because Brian is a fugitive and did not appear at the hearing to claim ownership of the firearms, Skinner

4

had to produce some other credible indicia of Brian's lawful ownership, which he failed to do.[5]

Accordingly, we affirm the trial court's order and grant the Commonwealth's motion to strike.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[5] In its brief, the Commonwealth also moves to strike certain documents included in Skinner's reproduced record, as well as the portions of Skinner's brief referencing those documents. (Cmwlth.'s Br. at 5.) The documents include a deed, an indenture, and a realty transfer tax statement. Because these documents were not admitted into evidence before the trial court and are not part of the certified record on appeal, we cannot consider them. *See* Pa. R.A.P. 1921 (providing that only original papers, exhibits, and transcripts filed in the trial court and certified docket entries constitute the record on appeal); *see also Commonwealth v. Bracalielly*, 658 A.2d 755, 763 (Pa. 1995) (stating that a document does not become part of the certified record merely because a party has included it in the reproduced record).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
                                   :  No. 287 C.D. 2015
                 v.                :
                                   :

Ruger Revolver 38 Cal, Smith and   :
22 Cal Revolver, Model DM22 Cal,   :
S&W 45 Colt, et al.                :
                                   :

In Re: Basil Skinner as Power of   :
Attorney for Brian Skinner       :
                                   :

Appeal of: Basil Skinner       :

## O R D E R

AND NOW, this 28<u>th</u> day of <u>October</u>, 2015, we hereby affirm the February 2, 2015, order of the Court of Common Pleas of Delaware County and grant the Commonwealth of Pennsylvania's motion to strike.

_____
ROCHELLE S. FRIEDMAN, Senior Judge