IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Four Pennsylvania Skill | : | |
| Amusement Devices and One Ticket | : | |
| Redemption Terminal Containing | : | No. 761 C.D. 2023 |
| $18,692.00 in U.S. Currency | : | Argued: October 11, 2023 |
| | : | |
| Appeal of: Commonwealth of | : | |
| Pennsylvania, Monroe County | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE ELLEN CEISLER, Judge
                    HONORABLE LORI A. DUMAS, Judge
                    HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                                     FILED:  November 14, 2023

The Monroe County District Attorney's Office (the Commonwealth) appeals from the order entered February 8, 2023 (hereinafter, the February 8, 2023 Order), in the Court of Common Pleas of Monroe County (trial court), which granted the motions for return of property and suppression of evidence filed by Smokin' Joe's Tobacco Shop, Inc., and L&M Music Company, Inc. (collectively, Appellees). The Commonwealth asserts that the trial court lacked jurisdiction to enter the February 8, 2023 Order and, further, that it failed to comply with Pa.R.Crim.P. 581. After careful review, we affirm.

# I. BACKGROUND[1]

On October 28, 2021, the Commonwealth executed a search warrant, seizing four video skill amusement devices and a ticket redemption terminal (skill games), as well as $18,692.00. Appellee L&M Music Company, Inc. owns the skill games; Smokin' Joe's Tobacco Shop, Inc., has a possessory interest in the skill games. Appellees subsequently filed a petition seeking the return of the seized property, to suppress evidence, and to unseal the search warrant, alleging that the Commonwealth had intentionally mispresented certain facts in the warrant application.

Following the litigation of various motions and a hearing, the trial court ordered the Commonwealth to comply with its formal forfeiture obligations pursuant to Section 5513(b) of the Crimes Code, 18 Pa.C.S. § 5513(b), and to return the money it had seized to Appellees. A month later, when the Commonwealth still had not complied with the order, the trial court issued a rule to show cause why the Commonwealth should not be required to file a petition for forfeiture pursuant to the Crimes Code, 18 Pa.C.S. § 5513(b).

The hearing on the rule to show cause was contentious and ultimately resulted in the Commonwealth's attorney being escorted from the courtroom by a deputy. The trial court learned that the Commonwealth had instituted criminal charges in the proceedings the prior week and was seeking a stay of the order requiring the return of the seized funds. At the conclusion of the hearing, the trial court reinstated Appellees' petition for return of property and issued a rule to show

---

[1] We base the statement of facts on the trial court's opinion, which in turn is supported by the record. *See* Trial Ct. Op., 5/19/23, at 1-4 (incorporating prior trial court opinion filed in the Superior Court of Pennsylvania on 7/15/22, docketed at *In re Four Pennsylvania Skill Amusement Devices & One Ticket Redemption Terminal Containing $18,692 in U.S. Currency* (Pa. Super., NO. 1218 EDA 2022, filed July 15, 2022)).

cause why the Commonwealth's attorney should not be held in direct and indirect contempt of court.

Subsequently, the Commonwealth filed a motion to sever the hearing on Appellees' petition from the contempt hearing, as well as a motion for recusal. On May 16, 2022, the trial court denied the motion for recusal after placing its reasons on the record. The Commonwealth immediately notified the trial court that it would be taking an appeal from the denial of the recusal motion under Pa.R.A.P. 311(d), which the Commonwealth contended would divest the trial court of jurisdiction to proceed.[2] The trial court found Pa.R.A.P. 311(d) applicable only to criminal proceedings, continued the hearing, and ultimately took the matter under advisement.

The Commonwealth timely appealed the denial of the recusal order to the Superior Court of Pennsylvania, which quashed the appeal as interlocutory. *In re Four Pennsylvania Skill Amusement Devices & One Ticket Redemption Terminal Containing $18,692 in U.S. Currency*, 292 A.3d 1118 (Pa. Super. 2023) (unpublished mem.), *reargument denied* (Apr. 5, 2023). Specifically, the Superior Court rejected the Commonwealth's attempt to invoke Pa.R.A.P. 311(d). *See id.* The Court concluded that return of property motions are civil in nature, even when coupled with motions to suppress, and that an appeal from the denial of a pre-trial motion to recuse does not fall within any of the categories listed in Pa.R.A.P. 311 (interlocutory appeals as of right) or Pa.R.A.P. 313 (collateral orders). *See id.* On

---

[2] "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

February 7, 2023, the Commonwealth filed an application for reargument, requesting that the Superior Court reconsider its decision.[3]

The next day, on February 8, 2023, the trial court entered an order which granted Appellees' motions for return of property and suppression of evidence. The order stated: (1) the Commonwealth improperly withheld and misrepresented material evidence relative to the issuance of the warrant and that conduct warranted suppression of the evidence; (2) the seized games are legal games of skill and should be returned; and (3) the Commonwealth must return the games to Appellees within 48 hours.[4]

On February 9, 2023, the Commonwealth filed a motion seeking to strike the February 8, 2023 Order on jurisdictional grounds. Appellees filed a response in opposition, and the trial court held a hearing. At the conclusion of the hearing, the trial court denied the motion to strike. The Commonwealth timely appealed the February 8, 2023 Order to the Superior Court, which *sua sponte* transferred the matter to this Court on July 19, 2023.

## II. ISSUES

The Commonwealth raises two issues on appeal. First, it contends that the trial court committed an error of law and abuse of discretion by entering the February 8, 2023 Order, because it did not have jurisdiction to act. *See* Commonwealth's Br. at 4. Second, the Commonwealth contends that the trial court committed an error of law and abuse of discretion when it issued an order granting

---

[3] The Superior Court denied the application for reargument on April 5, 2023. *See* Pa.R.A.P. 1113 (unless Superior Court acts on motion for reargument within 60 days, it is deemed denied).

[4] Following the entry of the February 8, 2023 Order, Appellees filed for dismissal of the criminal charges. The trial court dismissed the charges on collateral estoppel grounds without reaching their merits. The Commonwealth appealed that dismissal to the Superior Court; that appeal is not before us. As of the date of the filing of this opinion, no resolution has occurred.

suppression relief and returning the property without stating its reasoning in detail, issuing an opinion or findings of fact and conclusions of law, as required by the law and the Pennsylvania Rules of Criminal Procedure. *See id.*

### III. DISCUSSION[5]

Initially, we observe that the Commonwealth has failed to preserve any substantive challenges to the February 8, 2023 Order. Rather, the Commonwealth's argument is solely predicated on jurisdiction and the alleged errors of the trial court's suppression order.[6]

### A. Jurisdiction

The Commonwealth raises two issues in support of its contention that the trial court lacked jurisdiction to enter its order.

---

[5] "Our review on this appeal [from a motion to return property] is limited to examining whether the trial court's factual determinations were supported by [substantial] evidence and whether the trial court abused its discretion or committed an error of law." *Commonwealth v. Morelli*, 55 A.3d 177, 179 (Pa. Cmwlth. 2012). The trial court as a factfinder is "the ultimate judge of credibility and resolves all conflicts in the evidence." *See Lodge v. Robinson Twp. Zoning Hr'g Bd.*, 283 A.3d 910, 925 (Pa. Cmwlth. 2022). As with any other witness, the factfinder "is free to accept or reject the credibility of expert witnesses, and to believe all, part, or none of the evidence." *City of Phila., Bd. of Pensions & Ret. v. Clayton*, 987 A.2d 1255, 1262 (Pa. Cmwlth. 2009). As long as sufficient evidence exists in the record, "which is adequate to support the [factfinder's] determination, an appellate court is precluded from overturning these determinations." *See id.* "On a motion for return of property, it is the movant's burden to establish by a preponderance of the evidence that he is entitled to lawful possession of the property at issue." *Morelli*, 55 A.3d at 180.

Our standard of review of a suppression motion is well settled, it "is limited to determining whether the suppression court's factual findings are supported from the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Shaffer*, 209 A.3d 957, 968-69 (Pa. 2019). The scope of review from the grant of a suppression motion is limited to the evidence presented at the suppression hearing. *In the Interest of L.J.*, 79 A.3d 1073, 1088-89 (Pa. 2013). Therefore, we may consider only the evidence from Appellees' witnesses together with the Commonwealth's evidence that, when read in context of the record at the suppression hearing, remains uncontradicted. *See id.*

[6] Similarly, the numerous *amici* briefs filed in this case do not address the issues preserved by the Commonwealth.

## 1. Pa.R.A.P. 311(d)

The Commonwealth asserts that the trial court lacked jurisdiction to enter the February 8, 2023 Order "in the middle of an active appeal" and continues to lack jurisdiction due to a petition for allowance of appeal pending before the Pennsylvania Supreme Court. *See* Commonwealth's Br. at 8. According to the Commonwealth, because it has proceeded under Pa.R.A.P. 311(d) and filed an interlocutory appeal as of right, the trial court is divested of jurisdiction. *See id.* The Commonwealth contends that Pa.R.A.P. 1701(b)(6), which allows the trial court to proceed following the entry of a non-appealable interlocutory order, is inapplicable here. *See id.* at 10-11. According to the Commonwealth, because there are pending criminal proceedings involving the evidence at issue in this matter and because both the motion to suppress and motion for return of property are governed by the Rules of Criminal Procedure, Pa.R.A.P. 311(d) is the correct rule under which the trial court should have proceeded. *See id.* at 12.

In response, Appellees contend that the Commonwealth ignores the controlling effect of Pa.R.A.P. 1701(b)(6) and the Superior Court's quashal of the interlocutory appeal on the grounds that it lacked jurisdiction.[7] *See* Appellees' Br. at 13-14. Additionally, Appellees contend that the Commonwealth's reliance on Pa.R.A.P. 311(d) is misplaced, particularly where the Superior Court has already held that Pa.R.A.P. 311(d) does not apply. *See id.* at 19-20.

Except as otherwise provided by the Rules of Appellate Procedure, an appeal may only be taken from a final order which disposes of all claims and all parties or is certified for immediate appeal. *See* Pa.R.A.P. 341. Additionally, Pa.R.A.P. 311(d) provides, in part, that "[i]n a criminal case, under the

---

[7] Appellees retort with a waiver argument focused on the substance of the February 8, 2023 Order, not the Commonwealth's jurisdictional argument.

circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." *Commonwealth v. Green*, 291 A.3d 317, 329 n.16 (Pa. 2023).

Generally, after an appeal is taken, a trial court may "no longer proceed further in the matter." *See* Pa.R.A.P. 1701(a). However, there are exceptions to the rule. A trial court may "proceed further in any matter in which a non-appealable interlocutory order has been entered, *notwithstanding* the filing of a notice of appeal." *See* Pa.R.A.P. 1701(b)(6) (emphasis added); *see Commonwealth v. Cameron*, 664 A.2d 1364, 1366-67 (Pa. Super. 1995) (trial court could proceed with trial despite appeal of order denying defendant's motion to suppress and Commonwealth's motion to quash appeal, even where defendant argued that there was every indication his motion to suppress would be considered on the merits).

Here, the trial court's denial of recusal was a non-appealable, interlocutory order. *In re Four Pennsylvania Skill Amusement Devices*, 292 A.3d at 1118.[8] The Superior Court specifically rejected the Commonwealth's reliance on Pa.R.A.P. 311(d) and *Commonwealth v. White*, 910 A.2d 648 (Pa. 2006), observing that if the appeal involved a criminal matter where double jeopardy could attach, the argument might be persuasive. *See id.* However, while motions for return of property are filed pursuant to the Rules of Criminal Procedure, they are civil in nature. *See id.* Therefore, if the "trial judge orders that the devices be returned, double jeopardy principles would not be implicated and that decision could be appealed, including the trial judge's denial of the recusal motion." *See id.* Instantly,

---

[8] *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (while Superior Court decisions are not binding on this Court, they offer persuasive precedent where they address analogous issues).

the Superior Court's reasoning is sound, and the Commonwealth has not offered convincing authority to reach a different result. *See*, *e.g.*, *Lerch*, 180 A.3d at 550; *Cameron*, 664 A.2d 1366-67.

## 2. Pa.R.A.P. 2572

In the alternative, the Commonwealth argues that the trial court had no jurisdiction to enter its February 8, 2023 Order because the Superior Court had not yet remanded the record. *See* Commonwealth's Br. at 13-14. According to the Commonwealth, pursuant to Pa.R.A.P 1701 and 2572, a trial court has no jurisdiction over a case until the record is returned with instructions to proceed. *See id.* at 14. Otherwise, the Commonwealth asserts that the trial court risks following an appellate decision that may not ultimately be the final law of the case. *See id.*

In response, Appellees contend that the trial court appropriately disposed of this issue in its Pa.R.A.P. 1925(a) opinion and aver that the Commonwealth's reading of Pa.R.A.P. 2572 would render Pa.R.A.P. 1701(b)(6) meaningless because a trial court would be unable to proceed whenever an interlocutory order has been appealed, so long as an appellant has asserted that the order is appealable. *See* Appellees' Br. at 20.

Pa.R.A.P. 2572 provides that the record shall be remanded after the entry of the final order of the appellate court which possessed the record. Pa.R.A.P. 2752(a). Intermediate appellate courts are directed to remand the record to the trial court at the expiration of 30 days after the entry of the judgment or other final order of the appellate court possessed of the record, but remand is stayed pending an application for reargument. *See* Pa.R.A.P. 2572(a)(2)-(b).

The main case cited in support of the Commonwealth's argument is *Commonwealth v. Harris*, 230 A.3d 1124 (Pa. Super. 2020). In *Harris*, a petitioner

8

who had been acquitted of criminal charges filed a petition for expungement, which the trial court granted. *See id.* at 1125-26. Nonetheless, the petitioner sought reconsideration, alleging errors and omissions in the expungement order; the trial court denied reconsideration; and the petitioner appealed to the Superior Court. *See id.*

The Superior Court vacated the order and remanded with instructions, but the petitioner sought allocatur with the Pennsylvania Supreme Court. *See id.* However, before the Superior Court remanded the record to the trial court, the trial court granted the expungement petition pursuant to the Superior Court's instructions. *See id.* The petitioner again appealed. *See id.* The Superior Court vacated the trial court's second expungement order, holding that the trial court lacked jurisdiction to enter the order prior to the remand of the record, citing Pa.R.A.P. 2572, and explaining that the trial court risked following an appellate decision that might not ultimately be the final law of the case. *See id.* at 1127.

The Commonwealth's reliance on *Harris* is misplaced, as *Harris* did not concern an interlocutory appeal or the trial court's jurisdiction pursuant to Pa.R.A.P. 1701(b)(6). In the instant case, the location or custody of the record is immaterial because the trial court retained jurisdiction. *Cf. Harris*, 230 A.3d at 1127. Accordingly, the trial court had jurisdiction and did not err when entering the February 8, 2023 Order. *See* Pa.R.A.P. 1701(b)(6).

### B. Suppression Order

In the alternative, the Commonwealth argues that the February 8, 2023 Order constituted an error of law and abuse of discretion and should be reversed and remanded. *See* Commonwealth's Br. at 16. According to the Commonwealth, Pa.R.Crim.P. 581(I) requires that the trial court enter in the record a statement of

9

findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of the rules or any statute, and must make an order granting or denying the relief sought. *See* Commonwealth's Br. at 16 (citing Pa.R.Crim.P. 581(I)). While the Commonwealth acknowledges that the Rules of Criminal Procedure allow the joinder of a motion to suppress evidence with a motion for return of property, this is primarily a suppression proceeding and should be examined under suppression proceeding rules. *See id.* at 17-18.

The Commonwealth argues that this failure of the trial court imposed a burden on the Commonwealth to file a voluminous Pa.R.A.P. 1925(b) statement. *See id.* at 17. According to the Commonwealth, the lack of findings meant that it had no substantive basis upon which to formulate a basis for appeal. *See id.* at 20. Further, the Commonwealth argues that the lack of conclusions of law and findings of fact directly impedes appellate review. *See id.* at 18.

Appellees reject this argument. *See* Appellees' Br. at 24. According to Appellees, the final order is a civil action governed by Pa.R.Civ.P. 1038, which governs the decisions of cases tried without juries and states that the trial judge may include specific findings of fact and conclusions of law but is not required to do so. *See id.* at 25. Further, Appellees assert that the purpose of Pa.R.Crim.P. 581 is to ensure meaningful review of the trial court's decision, and the trial court's Pa.R.A.P. 1925(a) opinion, with its detailed findings of fact and conclusions of law, allows for such review. *See id.* at 25-26. Appellees also assert that judicial economy would not be served by a remand, as the trial court would likely enter the same order and opinion that has already been filed with this Court. *See id.* at 26-27.

Finally, the trial court asserts that the issue is waived, because the Commonwealth did not raise it in its motion to strike the February 8, 2023 Order, in

10

its revised motion, or at the hearing on the motion. *See* Trial Ct. Op., 5/19/23, at 8. At all these times, the Commonwealth argued solely the issue of jurisdiction. *See id.* (citing Pa.R.A.P. 302(a) (issues not raised before the trial court cannot be raised for the first time on appeal); *see also Orange Stones Co. v. City of Reading, Zoning Hr'g Bd.*, 32 A.3d 287, 291 (Pa. Cmwlth. 2011) (issues not raised before the trial court cannot be raised for the first time in a Pa.R.A.P. 1925(b) statement of errors complained of on appeal).

The trial court is correct that the issue is waived. *See* Pa.R.A.P. 302(a); *Orange Stones Co.*, 32 A.3d at 291. However, even if not waived, the issue is still meritless.

A motion for return of property pursuant to Pa.R.Crim.P. 588 is a "proceeding" that is "civil in nature." *Commonwealth v. Irland*, 193 A.3d 370, 379 (Pa. 2018). Nevertheless, this is not a civil action, and Appellees' reliance on Civil Rule 1038 is misplaced. *Cf.* Pa.R.Civ.P. 1001 (defining civil action as assumpsit, trespass, or equity); *see also In re Return of Pers. Prop.*, 180 A.3d 1288, 1293-94 (Pa. Cmwlth. 2018) (discussing motion for return of property as a "civil proceeding" subject to six-year statute of limitations provided by 42 Pa.C.S. § 5527(b)). The trial court may dispose of a Rule 588 motion in accordance with Pa.R.Crim.P. 581. *See* Pa.R.Crim.P. 588 *Comment*. The purpose of Rule 581 is to ensure meaningful review of a suppression court's decision. *See, e.g.*, *Commonwealth v. Sharaif*, 205 A.3d 1286 (Pa. Super. 2019) (discussing obligation of suppression court to issue contemporary findings).

Instantly, the Commonwealth relies upon *Commonwealth v. Grundza*, 819 A.3d 66 (Pa. Super. 2003), to assert that the filing of a Pa.R.A.P. 1925(a) opinion is no substitute for findings of fact and conclusions of law following a suppression

11

hearing. *See* Commonwealth's Br. at 24. In *Grundza*, the defendant filed a suppression motion, which the trial court denied. *See Grundza*, 819 A.2d at 67. The Superior Court reversed the defendant's conviction because the record contained only a single statement that the defendant's consent was not coerced; there were no other findings of fact or conclusions of law; and the trial court had not filed a Pa.R.A.P. 1925(a) opinion. *See id.* at 67-68. Therefore, the Superior Court was precluded from performing its appellate function of determining whether the factual findings and legal conclusions were supported by the record and free from error. *See id.* In a footnote, the Court noted with disapproval the lack of factual findings and conclusions of law, but also indicated that had the trial court filed an opinion, the Court could have conducted a review. *See id.* at 68 n.1 (citing *Commonwealth v. Reppert*, 814 A.2d 1196, 1200 (Pa. Super. 2002)).

Here, the Commonwealth's reliance on *Grundza* is misplaced. In that case, the lower court filed neither contemporary findings nor a Pa.R.A.P. 1925(a) opinion. *See Grundza*, 819 A.2d at 68 n.1. A remand may be required where the basis of a suppression ruling is unclear, but a remand is unnecessary where the suppression court later files an opinion detailing its findings of fact and conclusions of law. *See Commonwealth v. Parker*, 161 A.3d 357, 360 n.5 (Pa. Super. 2017) (noting that appellate court could rely on suppression court's Pa.R.A.P. 1925(a) opinion); *see also Reppert*, 814 A.2d at 1200.

Instantly, because the trial court did issue a Pa.R.A.P. 1925(a) opinion explaining its reasoning in detail, a remand is both unnecessary and would not serve judicial economy, particularly where the trial court would likely enter the same order and opinion as has been filed in this Court.[9] *Parker*, 161 A.3d at 360.

---

[9] We reiterate that the Commonwealth has not preserved any argument regarding the substantive content of the suppression court's findings.

## IV. CONCLUSION

Based on the foregoing reasons, we affirm the trial court's order entered February 8, 2023.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Four Pennsylvania Skill : 
Amusement Devices and One Ticket : 
Redemption Terminal Containing : No. 761 C.D. 2023
$18,692.00 in U.S. Currency : 
 : 
Appeal of: Commonwealth of : 
Pennsylvania, Monroe County : 

# **O R D E R**

AND NOW, this 14th day of November, 2023, the order of the Court of Common Pleas of Monroe County, entered February 8, 2023, is AFFIRMED.

LORI A. DUMAS, Judge